FLATLEY, Respondent, vs. PHENIX INSURANCE COMPANY, Appellant.

*March 19 — April 7, 1897.*

*Insurance: Construction of policy.*

1. A fire insurance policy, issued in the form prescribed by ch. 195, Laws of 1891, before that act was declared unconstitutional, must be regarded as depending for its validity and construction wholly upon the consent of the parties.
2. Where a policy clearly specifies numerous grounds of invalidity or forfeiture, but does not include among them the "failure to furnish satisfactory proofs of loss" within sixty days after its occurrence, as stipulated in such policy, the courts will not raise a forfeiture by implication from such failure, but will hold the effect thereof to be simply to postpone the time for payment of the loss until the expiration of the time stipulated therefor after such proofs are furnished.

APPEAL from a judgment of the circuit court for Oconto county: S. D. HASTINGS, JR., Circuit Judge.    *Affirmed.*

This was an action upon a policy of insurance, issued by the defendant company to the plaintiff, in the sum of $500, to wit, $300 on his building, and $200 on his stock of liquors and saloon fixtures therein.    The property insured was totally destroyed by fire, June 14, 1895, notice of which was immediately given to the defendant; but proof of loss was not furnished to it until more than sixty days after the fire, namely, October 8, 1895.    After the lapse of more than sixty days thereafter, the loss remaining unpaid, this action was brought for its recovery.    The defense relied on is that by the failure to furnish the defendant with proof of loss

within sixty days after the fire, as required by the policy, the plaintiff was precluded from recovering the amount of the loss. The policy contained, among others, the following provisions: "The sum for which this company is liable, pursuant to this policy, shall be payable sixty days after due notice, ascertainment, estimate, and satisfactory proof of loss have been received by this company, in accordance with the terms of this policy." "If fire occur, the insured shall give immediate notice of any loss thereby, in writing, to this company, protect the property from further damage, forthwith separate the damaged and undamaged personal property, make a complete inventory of the same, stating the quantity and cost of each article and the amount claimed thereon, and within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire," etc. The policy did not provide that it should be void, or that no recovery should be had thereon, in case of the failure to furnish proof of loss within the stipulated period of sixty days, but it did contain many provisions expressly rendering the policy void upon other grounds, and that, in certain cases therein stated, the company would not be liable, or the policy should immediately cease. These facts appearing upon trial by the court, there was a finding in favor of the plaintiff for the amount of the policy and interest, upon which he had judgment, from which the defendant appealed.

For the appellant there was a brief by *Mylrea, Marchetti & Bird*, and oral argument by *W. H. Mylrea*. They argued, among other things, that the furnishing of proofs of loss promptly to the underwriter was a matter of the utmost importance, to enable it to ascertain the facts and prevent further loss. The express provisions of the policy that proofs of loss be furnished within sixty days after the fire

Flatley vs. Phenix Ins. Co.

*unless such time is extended in writing by this company*, and that the loss is payable sixty days after such proofs have been received *in accordance with the terms of this policy*, are to be given effect as limitations. The furnishing of the proofs within sixty days is a condition precedent to a recovery on the policy. Wood, Fire Ins. (2d ed.), 927; May, Ins. § 465; Ostrander, Fire Ins. § 221; *Oshkosh Match Works v. Manchester F. Ass. Co.* 92 Wis. 510; *Quinlan v. Providence-Washington Ins. Co.* 133 N. Y. 362.

For the respondent there was a brief by *Webster & Classon*, and oral argument by *D. G. Classon*.

PINNEY, J.    There is no substantial difference between the provisions of the policy upon which this action is founded, in respect to the defense relied on, and the provisions in the case of *Vangindertaelen v. Phenix Ins. Co.* 82 Wis. 112–117. The policy must be regarded as depending, for its validity and construction, wholly upon the consent of the parties, and not as a policy prescribed by the authority of the state, under ch. 195, Laws of 1891, the provisions of which were declared unconstitutional in *Dowling v. Lancashire Ins. Co.* 92 Wis. 63. The courts will not declare or raise a forfeiture of an insurance policy by implication, and where, as in this case, numerous grounds of invalidity or forfeiture are clearly specified as such in the policy, it is not fairly permissible, as a matter of construction, to accord to a mere breach of a stipulation contained in the policy the effect imputed to it by the defendant in its defense. As it did not see fit to exact a stipulation of invalidity or forfeiture in case of a breach of the stipulation, and exacted it as to very many other matters, the conclusion is an entirely justifiable one that it was not intended that any such consequence should flow from its breach, but that the defendant intended to rely on such other remedy as the law might afford. *Coventry M. L. S. Ins. Asso. v. Evans*, 102 Pa. St. 281–284.

Failure to furnish proof of loss within sixty days after the fire would not operate as a forfeiture of the policy, nor defeat a recovery by the assured. This was held in the case of *Vangindertaelen v. Phenix Ins. Co.* 82 Wis. 112, decided previous to the decision in the case of *Quinlan v. Providence-Washington Ins. Co.* 133 N. Y. 356, relied on by the defendant, and in which a contrary conclusion was reached. The view adopted by this court had prevailed in *Kenton Ins. Co. v. Downs,* 90 Ky. 236; *Tubbs v. Dwelling-house Ins. Co.* 84 Mich. 646, and *Coventry M. L. S. Ins. Asso. v. Evans,* 102 Pa. St. 281; and to it we still adhere. Forfeitures are not favored and will not be implied, and clauses relied on as creating them are to be strictly construed. The provision that " the sum for which this company is liable, pursuant to this policy, shall be payable sixty days after due notice, ascertainment, estimate, and satisfactory proof of loss have been received by this company in accordance with the terms of the policy," does not declare or provide for any forfeiture, or that the policy shall cease or become invalid if the proofs are not so furnished; nor does the clause prescribing that the proofs of loss shall be furnished " within sixty days after the fire, unless such time is extended in writing by this company," have that effect, or materially influence the question. The provision is not that the loss on the policy shall not become due and payable *unless* proof of loss shall be furnished within the sixty days specified, but, in substance, that " the sum for which this company is *liable,* pursuant to the policy, shall not *be payable* until sixty days after due notice, ascertainment, estimate, and satisfactory proof of loss have been received by the company, in accordance with the terms of the. policy." The delay in furnishing the proofs until October 8, 1895, merely operated to postpone the maturity of the claim until sixty days thereafter. For these reasons, judgment was properly given for the plaintiff.

*By the Court.*— The judgment of the circuit court is affirmed.