ELMER H. DUNTON

*vs.*

THE WESTCHESTER FIRE INSURANCE COMPANY.

Somerset.    Opinion September 15, 1908.

*Fire Insurance.    Maine Standard Policy.    Arbitration Clause.    Referees.*
*Contracts of Insurance.    Jurisdiction.    Revised Statutes,*
*chapter 49, section 4, paragraph VII.*

The stipulation in the Maine Standard fire insurance policy providing that
in case the parties fail to agree, the amount of loss shall be determined by
three referees as a condition precedent to any right of action on the
policy, is not to be construed to authorize the referees to take jurisdiction
of and determine the question of the plaintiff's title to the property
insured, but such stipulation contemplates only an appraisal by the ref-
erees of the value of the property described in the policy and an estimate
of the damage done by fire to that property, leaving the question of the
plaintiff's title and the general question of the defendant's liability to be
judicially determined in the courts of law.

A policy of fire insurance in the standard form prescribed by Revised Stat-
utes, chapter 49, section 4, paragraph VII, is not to be treated as a legis-
lative enactment after it has been accepted by the parties, but as a volun-
tary contract which like any other contract derives its force and efficacy
from the consent of the parties.

The fact that the legislature put forward the Maine standard policy as a
form for a contract to be executed by the parties, affords no reason for
giving the arbitration clause therein contained any different construction
from that heretofore given by the courts to all similar contracts made
without legislative sanction.

In the judicial treatment of stipulations for arbitration in policies of insur-
ance not prescribed by the legislature, every allusion to a submission to
ascertain the "amount of loss or damage" has uniformly been understood
to signify a proceeding to appraise and estimate the damage to the prop-
erty described, but not to embrace the question of ownership or any other
matter which goes to the root of the cause of action; and when a policy
in the standard form prescribed by the statute has been issued there is no
reason to suppose that it was in the contemplation of the parties, or of
the legislature that any other or different effect should be given to such
words.

A general stipulation in a contract of insurance or similar contract to refer to arbitration all matters of difference that may arise respecting both the right to recover and the amount of damages, will not be sanctioned or enforced so as to divest the courts of their established jurisdiction.

While parties may impose, as a condition precedent to application to the courts, that they shall have first settled the amount to be recovered by an agreed mode, yet they cannot entirely close access to the courts of law.

If parties stipulate in contracts of insurance and other similar contracts to submit to arbitration the question of the amount of damage or any similar matters that do not go to the root of the action, it is entirely competent for them to make such an agreement a condition precedent to the right of action; and if it appears from the express terms of the contract or from necessary implication that such was the intention, it will be upheld by the courts and no action can be maintained upon the contract without proof on the part of the plaintiff that he has fulfilled the stipulation in the contract or made all reasonable effort to fulfill it. The effect of such an agreement is not to refer a cause of action but to provide that a cause of action shall arise as soon as the amount to be paid has been determined and not before. It does not deprive the courts of their jurisdiction, but simply provides a reasonable method of estimating and ascertaining the amount of the loss and leaves the general question of liability to be determined by the judicial courts.

On exceptions by defendant. Overruled.

Action on two fire insurance policies issued by the defendant in the standard form prescribed by Revised Statutes, chapter 49, section 4, paragraph VII. The record does not disclose the defendant's plea. Tried at the March term, 1908, Supreme Judicial Court, Somerset County. At the conclusion of the testimony, the presiding Justice ordered a verdict for the plaintiff for $1246.71. To this order the defendant excepted and also excepted to certain other rulings made during the trial.

The case is stated in the opinion.

*Merrill & Merrill*, for plaintiff.

*Butler & Butler, and Frederick W. Brown*, for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, BIRD, JJ.

WHITEHOUSE, J. This is an action on two fire insurance policies issued by the defendant corporation in the standard form prescribed by the Revised Statutes of Maine, chapter 49, section 4, par. VII.

Among the provisions contained in this form of policy are the following stipulations respecting the loss or damage and the method of ascertaining and estimating such damage by arbitration, viz:

"The amount of said loss or damage to be estimated according to the actual value of the insured property at the time when such loss or damage happens but not to include loss or damage caused by explosions, etc.

"In case of any loss or damage under this policy, a statement in writing, signed and sworn to by the insured, shall be within a reasonable time rendered to the company, setting forth the value of the property insured, the interest of the insured therein, all other insurance thereon, in detail, etc.

"In case of any loss or damage, the company within sixty days after the assured shall have submitted a statement as provided in the preceding clause, shall either pay the amount for which it shall be liable, which amount, if not agreed upon, shall be ascertained by award of referees as hereinafter provided, or replace the property with other of the same kind or goodness, etc.

"If there shall be any other insurance on the property, whether prior or subsequent, the insured shall recover on this policy no greater proportion of the loss sustained than the sum hereby insured bears to the whole amount insured thereon.

"In case of loss under this policy, and a failure of the parties to agree as to the amount of loss, it is mutually agreed that the amount of such loss shall be referred to three disinterested men, the company and the insured each choosing one out of the three persons to be named by the other, and the third being selected by the two so chosen; the award in writing by a majority of the referees shall be conclusive and final upon the parties as to the amount of loss and damage, and such reference, unless waived by the parties, shall be a condition precedent to any right of action in law or equity to recover for such loss."

It is admitted by the defendant that three referees were seasonably chosen in all respects in accordance with these stipulations in the policy and the statutes of the State providing for "a reference of the question of amount to three disinterested men" "in case of a

failure of the parties to agree as to the amount of loss." Thereupon the defendant contended before the board of referees, thus legally constituted, that at the time of the fire the plaintiff had no title to the property insured, and offered evidence to prove that prior to that time the plaintiff had sold the property to a third party. The referees excluded this evidence and ruled that they had no jurisdiction of the question of the plaintiff's title or insurable interest, and that the only question submitted to them was the amount of damage done by the fire.

The referees accordingly proceeded to take evidence upon the question of the amount of damage done by fire to the property described in the policies, and made their award determining the amount of damage on the merchandise insured to be $6280, and on the tools and machinery $350. The defendant declined to recognize this award as a compliance with the requirements of the policy and denied its validity on the ground that the referees had refused to hear evidence upon and determine the question of the plaintiff's title to the property insured. The plaintiff thereupon commenced this action upon the policies and at the trial, the court received evidence, subject to the defendant's objection, to prove title in the plaintiff to the property insured, and also admitted the award of the referees as to the amount of damage done to the property by the fire.

The defendant requested the court to rule that upon this evidence the plaintiff was not entitled to recover. The court refused to rule as requested and ordered a verdict for the plaintiff for $1246.71. The case comes to the Law Court on exceptions to these rulings of the presiding Justice.

The only question thus raised by the exceptions and argued by counsel, is whether the stipulation in the Maine Standard policy in regard to arbitration authorizes and requires the referees to take jurisdiction of one of the principal questions involved in the plaintiff's right to recover, and determine his title to the property insured, as well as the amount of the damage done to the property, or whether it contemplates only an appraisal by the referees of the value of the property described in the policy and an estimate of the damage done

by the fire to that property leaving the question of the plaintiff's title and the general question of the defendant's liability to be judicially determined in the courts of law.

When this question is examined in the light of the uniform current of judicial opinion respecting such stipulations for arbitration in contracts of insurance made prior to the adoption of the Maine Standard policy and considered with reference to the provisions of the standard policy itself specially involved in the inquiry, and the practical operation of the rule contended for by the defendant, the conclusion is irresistible that the ruling of the presiding Justice was correct and that the exceptions must be overruled.

It has been long established by authority both in this country and in England that if parties stipulate in contracts of insurance and other similar contracts to submit to arbitration the question of the amount of damage or any similar matters that do not go to the root of the action, it is entirely competent for them to make such an agreement a condition precedent to the right of action ; and if it appears from the express terms of the contract or from necessary implication that such was the intention, it will be upheld by the courts and no action can be maintained upon the contract without proof on the part of the plaintiff that he has fulfilled the stipulation in the contract or made all reasonable effort to fulfill it.    The effect of such an agreement is not to refer a cause of action but to provide that a cause of action shall arise as soon as the amount to be paid has been determined and not before.    It does not deprive the courts of their jurisdiction, but simply provides a reasonable method of estimating and ascertaining the amount of the loss and leaves the general question of liability to be determined by the judicial courts.    *Scott* v. *Avery*, 8 Exch. 497, (5 H. L. Cas. 811) ; *Elliott* v. *Assurance Co.*, 2 L. R. Exch. 237 ; *Hamilton* v. *Liverpool Ins. Co.*, 136 U. S. 242 ; *Wolff* v. *Insurance Co.*, 50 N. J. L. 453.

It is equally well settled that if an agreement to arbitrate is confined to an appraisal of value or an assessment of the amount of damages and is at the same time only an independent stipulation and not made by the policy a condition precedent to the right of

action, the plaintiff may still have his action and establish his claim by other evidence without procuring an award from the arbitrators. *Reed* v. *Insurance Co.*, 138 Mass. 572. In such a case the agreement to refer is not an essential term of the covenant but a power which may be revoked at any time before it is fully executed. It is simply a collateral agreement to refer to arbitration and not an agreement that only the adjusted loss shall be paid.

But there is a third proposition of paramount importance which has undoubtedly been regarded. as settled by judicial authority ever since the days of Lord Coke and that is that a general stipulation in such a contract to refer to arbitration all matters of difference that may arise respecting both the right to recover and the amount of damage will not be sanctioned or enforced so as to divest the courts of their established jurisdiction. *Stephenson* v. *Insurance Co.*, 54 Maine, 55, and authorities cited. In this case the distinction between a valid and invalid agreement for arbitration in such a contract is thus stated by the court:

"While the parties may impose as a condition precedent to application to the courts, that they shall have first settled the amount to be recovered by an agreed mode, they cannot entirely close the access to the courts of law." See also *Wood* v. *Humphrey*, 114 Mass. 185; *White* v. *Railroad Co.*, 135 Mass. 216; *Fisher* v. *Insurance Co.*, 95 Maine, 486.

It does not appear from any of the decisions cited in support of the familiar proposition above stated, or from any other case to which the attention of the court has been called, that such a stipulation for the settlement of the question of damages by arbitration has ever been construed to require or authorize the referees to determine the question of the plaintiff's title to the property insured, as a condition precedent to the plaintiff's right of action on the policy. It has not been perceived that any judicial decision exists in which it has been held competent for the parties to stipulate that the determination of the question of the ownership of the property by arbitration should be a condition precedent to the plaintiff's right of action. No such doctrine has ever been suggested respecting stipulations for arbitration in policies of insurance not prescribed by legis-

lative action, for the obvious reason that the question of the owner-
ship of the property is not involved in the appraisal of the value of
the property destroyed, or the estimate of the damages done to the
property insured, but goes directly and solely to the plaintiff's cause
of action and the defendant's liability.

But the Maine Standard policy, though its form is prescribed by
statute, is not to be treated as a legislative enactment after it has
been accepted by the parties, but as a voluntary contract which like
any other contract derives its force and efficacy from the consent of
the parties. As stated by the court in *Reed* v. *Washington Ins. Co.*,
138 Mass., supra, with reference to the standard policy then pre-
scribed by their statute : " It is their contract ; as such, it does not
deprive the plaintiff of his action and his trial by jury ; it is not
to be presumed that the Legislature intended, by prescribing the
form of contract, and prohibiting any other, to give it effect in
depriving a party of rights which, as a contract, it would not have."

The fact therefore that the legislature put forward the Maine
Standard policy as a form for a contract to be executed by the
parties, affords no reason for giving to the arbitration clause any
different construction from that heretofore given by the courts to all
similar contracts made without legislative sanction. It has been
seen that unlike the form considered in *Reed* v. *Washington Ins.
Co.*, supra, the arbitration clause in the Maine policy contains an
express provision that the award of the referees "shall be conclusive
and final upon the parties as to the amount of loss or damage, and
such reference, unless waived by the parties, shall be a condition
precedent to any right of action . . . . to recover for such
loss."

It will be noticed that in the judicial treatment of this subject in
all the cases cited and to be found relating to it, every allusion to
a submission to ascertain the "amount of loss or damage" has
uniformly been understood to signify a proceeding to appraise and
estimate the damage to the property described, but not to embrace
the question of ownership or any other matter which goes to the
root of the cause of action. *Stephenson* v. *Insurance Co.*, 54
Maine, supra ; *Bangor Savings Bank* v. *Insurance Co.*, 85 Maine,

68.   There is no reason to suppose that it was in the contemplation of the parties, or of the legislature that any other or different effect was to be given to those words in the Maine policy.   All of the other terms of the policy and of the statutes relating to the subject are entirely consistent with this construction of the language of the arbitration clause in each of the policies in suit.   There is nothing in any of the provisions of the policy prescribed or of any of the statutes relating to it, which indicates in the slightest degree any purpose or desire to change the established doctrine of the courts in regard to the distinction above stated between valid and invalid agreements for arbitration in this class of contracts.

The case of *Cassidy* v. *Royal Exchange Assurance Co.*, 99 Maine, 399, differs toto cœlo from the case at bar, and is not an authority for the defendant's contention.   The matter which was there deemed to be within the jurisdiction of the referees, did not go to the cause of action but to the amount of damages, and the only question of fact for the determination of the referees was whether certain piles of lumber were within one hundred feet of each other.

Furthermore, the rule claimed by the defendant would not be a wise or beneficent one in its practical operation.   The settlement of questions of title to real and personal property, often involves the duty of examining a complex state of facts and important and diffi-cult questions of law, a duty which those not educated to the law would be wholly incompetent to perform ; and yet it is a matter of common knowledge that in a great majority of references under the arbitration clause of insurance policies, the referees are not selected from the legal profession, for the reason that they are required to perform the functions of simple appraisers and not of general arbitrators.   Under the terms of the Maine policy neither of the three persons named for referees by each of the parties is required to be learned in the law.

*Exceptions overruled.*