I. ABRAMOWITZ v. CONTINENTAL INSURANCE COMPANY.
I. ABRAMOWITZ v. HARTFORD FIRE INSURANCE COMPANY.[1]

February 11, 1927.

No. 25,695.

**Standard fire policy gives insured right to appraisal.**
1. Provisions of the Minnesota standard fire insurance policy (G. S. 1923, § 3512), construed and *held* to give insured as well as insurer the right to an appraisal.

[1]Reported in 212 N. W. 449.

**Constitution does not prevent submission of subsequent rights to arbitration.**
    2.  So construed, the statute is not unconstitutional.  It does not
result in depriving the courts of jurisdiction.  There is no constitutional
bar which prevents the parties to a contract from subjecting rights
which may subsequently arise therefrom to arbitration.

**Denial of new trial sustained.**
    3.  Although the verdict for plaintiff seems wrong, there was no
abuse of discretion in denying the motion for a new trial, the verdict
being the result of a second trial and having evidence to support it.

Appeal and Error, 4 C. J. p. 830 n. 45; p. 833 n. 57; p. 834 n. 60.
Arbitration and Award, 5 C. J. p. 43 n. 15; p. 56 n. 49.
Contracts, 13 C. J. p. 457 n. 16; p. 458 n. 20.
Fire Insurance, 26 C. J. p. 416 n. 93, 96 New; p. 418 n. 7 New.
Statutes, 36 Cyc. p. 1078 n. 43.

See 47 L. R. A. (N. S.) 337; 2 R. C. L. 352; 1 R. C. L. Supp. 511;
    6 R. C. L. Supp. 90.

Defendants appealed from an order of the district court for Ramsey
county, McNally, J., denying their motion for judgment notwith-
standing the verdict or a new trial.  Affirmed.

*Daggett & Pew,* for appellants.

*Morphy, Bradford, Cummins, Cummins & Lipschultz,* for respond-
ent.

STONE, J.

Consolidated actions on two policies of fire insurance covering
household goods only.  After a verdict for plaintiff, defendants ap-
peal from the order denying their alternative motion for judgment
or a new trial.

The fire occurred June 2, 1924.  June 3 the insured submitted
sworn statements of the loss, and plaintiff forthwith demanded an
appraisal, naming Mr. W. C. Rogers as his appraiser.  The adjuster
for the insurers responded by admitting there was disagreement as
to amount of the loss and named Mr. Thomas C. Daggett as their
appraiser.  Mr. Daggett, being of counsel for the insurers, very prop-

erly refused to act and at the same time advised the insured that the companies denied liability and would not participate in an, appraisal. Proceeding under the standard policy hereinafter discussed, plaintiff procured the appointment of an umpire by Honorable John B. Sanborn, then one of the judges of the district court for Ramsey county. Plaintiff's appraiser and the umpire so selected, after due notice, fixed plaintiff's loss at $1,228.45. This action is on that award.

1. The first argument for the defense is that the award was invalid, the basic proposition being that under the Minnesota standard fire policy, after a repudiation of liability by the insurer, the insured has no right to an appraisal. The controlling provisions (G. S. 1923, § 3512), divided for convenience of consideration, are as follows:

"In case of loss * * * and a failure of the parties to agree as to the amount of the loss, * * * the amount of such loss shall, * * * be ascertained by two competent, disinterested and impartial appraisers * * * the insured and this company each selecting one within fifteen days after a statement of such loss has been rendered * * * and

"in case either party fail to select an appraiser within such time, the other appraiser and the umpire selected, as herein provided may act as a board of appraisers, and whatever award they shall find shall be as binding as though the two appraisers had been chosen;

"and the two so chosen shall first select a competent * * * umpire; provided, that if after five days the two appraisers cannot agree on such an umpire, the presiding judge of the district court of the county wherein the loss occurs may appoint such an umpire upon application of either party * * *.

"Unless within fifteen days after a statement of such loss has been rendered * * * either party, the assured or the company, shall have notified the other in writing that such party demands an appraisal, such right to an appraisal shall be waived."

This statute is the last expression of the legislative will and covers the whole subject of appraisal. It must therefore be taken as an

implied repeal of G. S. 1923, § 3519. The latter is an earlier statute covering in part the same subject matter. We need not stop to examine its provisions or to inquire whether they are in conflict with § 3512, for in any event the latter must control.

Plainly the statute expresses no intention to deny the insured the right to an appraisal, even when the insurer denies liability. In fact the right of each party to demand one is recognized explicitly. Neither can it be said that the statute does not contemplate an appraisal even though one of the parties fails to select an appraiser. The adoption of that conclusion would ignore this clear language: "In case either party fails to select an appraiser within such time, the other appraiser and the umpire selected, as herein provided, may act as a board of appraisers, and whatever award they shall find shall be as binding as though the two appraisers had been chosen."

It is not permissible in construing a statute to ignore any portion of it or, unless the intention otherwise clearly appears, to say that any part of it is meaningless. The provision last quoted must be taken in connection with the rest of the paragraph. It means that in case either party fails to select an appraiser the other may have an umpire appointed in the manner provided in case two appraisers fail to agree upon one. The statute has been so amended since the decision in O'Rourke v. German Ins. Co. of Freeport, 96 Minn. 154, 104 N. W. 900, as to make inapplicable the comment there made that the statute "has no application to a case where a referee nominated by one of the parties refuses to act as such; for the court is only authorized to appoint a third referee." Since that time and by L. 1913, p. 619, c. 421, there has been put into the statute the provision for the selection of an umpire and an award even though one party does not nominate an appraiser.

2. There is nothing in the point that the construction thus adopted compels arbitration in such manner as to oust the courts of jurisdiction and thereby render the statute unconstitutional. The first consideration is that the obligation to arbitrate arises from explicit law as well as contract. Next, it is not a case where the parties have contracted that a right of action shall not be enforced

in the courts.  A general covenant to that effect would be void for its effect would be to oust the courts of jurisdiction.  But the cases announcing that rule are self-distinguished from those involving "covenants providing for the adjustment of certain differences, * * * as preliminary to the right of recovery."  In such cases the parties, by the very contract which is the source of the right, qualify the latter by subjecting it to the settlement of certain preliminary facts such as amounts or values by appraisal or arbitration. Gasser v. Sun Fire Office, 42 Minn. 315, 44 N. W. 252.  The rule in that respect has been stated thus: "If the parties agree that any issue that in future may arise as to a specific point, such as valuation, quality, damage, and the like, shall be determined by arbitration before suit shall be brought, such agreement, unlike a general submission, is not revocable by act of the parties."  5 C. J. 56.  See also Powers Dry Goods Co. v. Imperial Fire Ins. Co. 48 Minn. 380, 51 N. W. 123; Mosness v. German Am. Ins. Co. 50 Minn. 341, 52 N. W. 932; Hamberg v. St. Paul F. & M. Ins. Co. 68 Minn. 335, 71 N. W. 388.

The point is patent but possibly should be emphasized notwithstanding, that this is a case where the appraisal is provided for by the contract itself.  It is fundamentally different from one where the submission is agreed upon after the issue arises.  With respect to the former situation it has never been "unlawful for parties to agree to impose a condition precedent with respect to the mode of settling the amount of damage, or the time of paying it, or any matters of that kind that do not go to the root of the action * * *. There is no policy of the law * * * adverse to the settlement of controversies * * * by arbitration; and contracts to that effect are enforced so far as they can be consistently with the principles of law.  Judicial tribunals are provided by the government to enable parties to enforce their rights when other means fail, but not to hinder them from adjusting their differences themselves, or by agents of their own selection."  Hood v. Hartshorn, 100 Mass. 117, 1 Am. Rep. 89.  Any reasonable contractual provision to that end "is unquestionably valid, according to the uniform current of

authority in England and in this country." Hamilton v. Liverpool, L. and G. Ins. Co. 136 U. S. 242, 10 Sup. Ct. 945, 34 L. ed. 419. In this connection it is interesting to note the experience in the courts of the New York arbitration statute. It has been construed and upheld in Matter of Berkovitz, 230 N. Y. 261, 130 N. E. 288; Red Cross Line v. Atlantic Fruit Co. 233 N. Y. 373, 135 N. E. 821; s. c. 264 U. S. 109, 44 Sup. Ct. 274, 68 L. ed. 582.

The subject of "arbitration agreements, their validity and binding force," is exhaustively annotated in 47 L. R. A. (N. S.) 337. The statement is made at page 427 that "In the United States an overwhelming majority of the courts have held that the absolute and unconditional denial by an insurance company of any liability * * * renders inoperative and nugatory the customary provisions for an arbitration." That may be true, but it would not be so if all of the controlling statutes and contracts had contained the provisions of the present Minnesota standard policy concerning arbitration. No case has been cited, and we do not see how any could be, to the effect that the language in question can have any other purpose than to give to both parties the right to have the amount of the loss determined by arbitration and to the insured the right to have it settled in that way even though the insurer denies liability.

3. The facts of the case have given us more trouble than the law, for the record has led us to conclude that plaintiff's loss has been grossly exaggerated. The fire was confined to a closet which seems to have contained an incredible amount of valuable clothing and other personal effects. But that issue is one of fact. There have been two trials and two verdicts for plaintiff. The learned trial judge was evidently of the opinion that it was time to end the litigation and we cannot see any abuse of discretion in his denial of the motion for a new trial. It is clearly not a case for judgment non obstante.

Order affirmed.