# ITASCA PAPER COMPANY v. NIAGARA FIRE INSURANCE COMPANY.[1]

June 29, 1928.

No. 26,701.

**Business of insurance is subject to governmental regulation.**

1. The insurance business is affected with public interest and is subject to governmental regulation.

**Police power is paramount to constitutional provisions for due process and equal protection.**

2. Constitutional provisions for due process and equal protection of the law yield to the police power.

**Statute gives both insured and insurer right to appraisal.**

3. G. S. 1923, § 3512, gives both the insured and the insurer the right to an appraisal and is constitutional, following Abramowitz v. Continental Ins. Co. 170 Minn. 215.

**Voluntary contract.**

4. An insurance policy with the statutory provision for a board of appraisal is a contract voluntarily made.

**Obedience to unconstitutional law is not required.**

5. No one can be compelled to observe an unconstitutional law.

**Appraisal under standard fire policy is in nature of common law arbitration.**

6. The duties of the board of appraisers in a Minnesota standard form fire insurance policy are in the nature of common law arbitration. It is the duty of such board to determine coverage when necessary to determine the amount of loss and damage.

**How far conclusions of appraisers conclude parties to it.**

7. The board's determination of questions of law and fact is conclusive upon the parties only in relation to a determination of the amount of loss and damage.

**Question of liability to be determined judicially.**

8. The board cannot determine the general question of liability, which is to be judicially determined.

[1]Reported in 220 N. W. 425.

**When arbitration as to amount of loss is not prevented by insurer's denial of liability.**

9. A denial of liability by the insurer does not deprive the insured of a right to an arbitration as to the amount of loss unless the amount thereof is admitted.

**What insurer may litigate when sued upon an award by appraisers.**

10. In an action by the insured to recover upon an award made by a board of appraisal, the insurer may litigate the question of coverage for the purpose of having a judicial determination as to its liability on the policy, even though the board for the purpose of performing its duty passed adversely upon the question of coverage.

Constitutional Law, 12 C. J. p. 801 n. 83; p. 1157 n. 9; p. 1197 n. 11.
Fire Insurance, 26 C. J. p. 424 n. 21; p. 425 n. 37, 38, 48; p. 431 n. 35.
Insurance, 32 C. J. p. 981 n. 90.

See 14 R. C. L. 857; 7 R. C. L. Supp. 471.

Action in the district court for Ramsey county to recover under a Minnesota standard form of fire insurance policy an award made by a board of appraisal. There were findings for the plaintiff, and defendant appealed from an order, Michael, J. denying its motion for a new trial. Reversed.

*Nathan H. Chase* and *M. H. Boutelle,* for appellant.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for respondent.

WILSON, C. J.

Defendant appealed from an order denying its motion for a new trial.

Defendant issued its Minnesota standard form policy insuring plaintiff against loss by fire: "$10,000.00 on all pulpwood" at a specified location. Another company carried the same amount of insurance upon the same property. A fire occurred. Plaintiff rendered to defendant a sworn statement as proof of loss.

The parties did not agree as to the amount of loss, and plaintiff served a written notice and demand for an appraisal and designated its appraiser. Defendant failed to appoint an appraiser. It claimed

that the property involved in the loss was not pulpwood and hence was not included in the coverage. Plaintiff applied to the district court, giving defendant notice thereof, and procured the appointment of an umpire. The one appraiser and the umpire acted as the board of appraisal.

Plaintiff appeared with its counsel and witnesses before the board and presented its evidence on the issue involved. Defendant did not appear. Several witnesses testified and other evidence was presented on the issue whether the property destroyed and damaged by fire was covered by the policy. All the evidence was to the effect that such property constituted and was pulpwood.

The board determined that the sound value of the property insured under the policy was $74,246.12 and that loss because of said fire was $22,127.

The trial court found that the board reached its conclusion in good faith without prejudice or bias, and solely on the basis of the evidence presented to it, which supported the award, notice of which was given to defendant. This action is to recover upon the award. Upon the trial defendant sought to litigate the coverage, concerning which plaintiff offered no evidence, claiming that defendant was bound by the determination thereof by the board of appraisal.

1. Insurance is a business affected with public interest and by reason thereof must yield to governmental regulation. Kollitz v. Equitable Mut. F. Ins. Co. 92 Minn. 234, 99 N. W. 892; Heim v. American Alliance Ins. Co. 147 Minn. 283, 180 N. W. 225, 1022; Coughlin v. Reliance Life Ins. Co. 161 Minn. 446, 201 N. W. 920; N. W. Nat. Life Ins. Co. v. Riggs, 203 U. S. 243, 27 S. Ct. 126, 51 L. ed. 168, 7 Ann. Cas. 1104; German Alliance Ins. Co. v. Hale, 219 U. S. 307, 31 S. Ct. 246, 55 L. ed. 229; German Alliance Ins. Co. v. Lewis, 233 U. S. 389, 34 S. Ct. 612, 58 L. ed. 1011, L. R. A. 1915C, 1189; National U. F. Ins. Co. v. Wanberg, 260 U. S. 71, 43 S. Ct. 32, 67 L. ed. 136; N. Y. Life Ins. Co. v. Hardison, 199 Mass. 190, 85 N. E. 410, 127 A. S. R. 478.

2. The contention that such compulsory arbitration is unconstitutional in contravention of the fourteenth amendment to the

fundamental law and of art. 1, § 7, of the state constitution, is unsound. These constitutional provisions must yield to the police power, which is paramount. Atlantic Coast Line R. Co. v. City of Goldsboro, 232 U. S. 548, 34 S. Ct. 364, 58 L. ed. 721; City of St. Paul v. G. N. Ry. Co. 145 Minn. 355, 177 N. W. 492; State ex rel. Olson v. Guilford, 174 Minn. 457, 219 N. W. 770; People v. La Fetra, 230 N. Y. 429, 130 N. E. 601, 16 A. L. R. 152. Many authorities to the same effect are cited in respondent's brief.

3. G. S. 1923, § 3512, has been construed as giving both insured and insurer the right to an appraisal and that it does not deprive the courts of jurisdiction. Abramowitz v. Continental Ins. Co. 170 Minn. 215, 212 N. W. 449. Its constitutionality is established. We have not heretofore been called upon to construe it relative to the matters now before the court.

4. However the policy with the provision for the board of appraisal is a contract voluntarily made by the parties, notwithstanding the form is prescribed by the statute. Kollitz v. Equitable Mut. F. Ins. Co. 92 Minn. 234, 99 N. W. 892; Flatley v. Phenix Ins. Co. 95 Wis. 618, 70 N. W. 828; Dunton v. Westchester F. Ins. Co. 104 Me. 372, 71 A. 1037, 20 L.R.A.(N.S.) 1058; Continental Ins. Co. v. Titcomb (C. C. A.) 7 F. (2d) 833; Chun Ngit Ngan v. Prudential Ins. Co. (C. C. A.) 9 F. (2d) 340; Ebner v. Ohio State Life Ins. Co. 69 Ind. App. 32, 121 N. E. 315; 26 C. J. 72; 14 R. C. L. p. 932, § 104.

5. It is argued that this construction forbids the company's raising the question of the constitutionality of the law and that it must submit or go out of business in the state. But such is not the case. No one can be compelled to observe an unconstitutional law. There are ways to raise such questions. Ludwig v. Western Union Tel. Co. 216 U. S. 146, 30 S. Ct. 280, 54 L. ed. 423; 32 C. J. 243.

6. Defendant claimed that pulpwood is limited to the wood of certain trees cut into pieces and piled. In the process of manufacturing paper such pulpwood is cut into two-foot lengths and the bark is removed. It is then ground into pulp, the water squeezed out, and the pulp is pressed into slabs and piled. It is then termed woodpulp; and defendant contends was not included in the policy which covered pulpwood. Upon the trial the defendant wished to

litigate this issue. Before the board of appraisal plaintiff introduced evidence tending to prove that in the trade pulpwood included this wood from the log to the slab, inclusive, and that it in fact is all pulpwood. This included pulpwood partially prepared and pulpwood ground. Before the board the agent of defendant and the agent of plaintiff both testified that they understood when the policy was issued that it included pulpwood in all these three various forms.

It was the duty of the board to determine the amount of the loss. That was a question of fact. In order to reach such decision the board conceived it to be its duty to pass upon the question whether the property damaged and destroyed was included in the term pulpwood.

The duties of the board of appraisal are in the nature of common law arbitration. American Cent. Ins. Co. v. District Court, 125 Minn. 374, 147 N. W. 242, 52 L.R.A. (N.S.) 496; McQuaid M. H. Co. v. Home Ins. Co. 147 Minn. 254, 180 N. W. 97; Continental Ins. Co. v. Titcomb (C. C. A.) 7 F. (2d) 833.

In Janney, Semple & Co. v. Goehringer, 52 Minn. 428, 54 N. W. 481, this court said in relation to the duties of appraisers that they had to construe the contract and determine its meaning before they could determine what value should be put upon the property. In short the court there held that it was the duty of the appraisers not only to determine the important issue of specific property, but necessarily (to get at the value) to construe the contract and determine its legal effect.

In the American Cent. Ins. Co. case, 125 Minn. 374, 378, 147 N. W. 242, 52 L.R.A. (N.S.) 496, referring to the duties of such appraisers, the court said:

"The appraisers must determine many matters other than the mere value of specific property produced before them for examination and appraisal. They must determine the quantity of property covered by the policy and on hand at the time of the fire, the quantity destroyed, the quantity damaged, whether the damage resulted from causes covered by the policy or from other causes not covered there-

by, and various other questions, both of law and fact, upon which the parties may differ."

This language was quoted with approval in Continental Ins. Co. v. Titcomb (C. C. A.) 7 F. (2d) 833.

In Chandos v. American F. Ins. Co. 84 Wis. 184, 54 N. W. 390, 19 L. R. A. 321, it was held that the appraisers are presumed to have used their best judgment in ascertaining what particular articles or items of property were embraced within the words of the general description and their decision of the question is final and conclusive.

We are of the opinion that these authorities lead to the conclusion that it was the duty of the board to determine the coverage in this case as an incident to the determination of the amount of loss and damage, but to the extent that such determination involves liability on the contract it is not final and conclusive upon either party.

7. Where a problem depends alone upon the construction of language in a policy it is a matter of law. But if the intention of the parties is to be learned not alone from the language employed but from the language construed in the light of all the surrounding facts and circumstances and the meaning of the words used in the trade, the question becomes largely one of fact. Park Rapids Lbr. Co. v. Aetna Ins. Co. 129 Minn. 328, 152 N. W. 732. Issues involving controlling facts having incidental questions of law must be recognized as mixed questions of law and fact. Questions of law and mixed questions of law and fact as well as questions of pure fact must, for the efficient operation of the board and its plan of procedure, be construed as within the jurisdiction of the board. For the purposes of reaching its conclusion only, the findings of the board on questions of both law and fact are conclusive upon the parties. Such findings, however, aside from the determination of the amount of loss and damage, are not controlling upon the question of liability.

8. The board cannot determine the general question of liability, which is to be judicially determined; Hamilton v. L. L. & G. Ins. Co. 136 U. S. 242, 10 S. Ct. 945, 34 L. ed. 419; Dunton v. Westchester F. Ins. Co. 104 Me. 372, 71 A. 1037, 20 L.R.A.(N.S.) 1058. But

questions of law or fact, which are involved as mere incidents to a determination of the amount of the loss or damage, do not go to the root of the action, and it is competent for the parties so to contract in reference thereto. It is all a part of a reasonable method of estimating and ascertaining the amount of the loss. Gasser v. Sun Fire Office, 42 Minn. 315, 44 N. W. 252.

9. Defendant contends that a denial of liability solely upon the ground that the policy does not cover the destroyed or damaged property operates as a bar to the right of the assured to demand any appraisal whatsoever. Such contention is contrary to the holding of Abramowitz v. Continental Ins. Co. 170 Minn. 215, 212 N. W. 449. If so it would be an effective and simple way to destroy the insured's right of appraisal.

An award does not preclude the insurer from subsequently having its liability on the policy judicially determined. The findings of the board on the matter of coverage are conclusive in so far as their determination is necessary and an element or step in arriving at the amount of loss and damage; but though conclusive for such purposes it does not have such efficacy upon the question of liability, which when raised must be decided by the court.

Defendant was afforded the opportunity provided by law to be present and participate in the proceedings before the board. It elected not to do so. It had the privilege to appear there, deny liability, and litigate before the board the amount of loss and damage. Its appearance or nonappearance alone is of no moment. Having the opportunity to participate, the findings of the board as to amount of loss and damage are just as conclusive as if the defendant had participated in the organization and procedure of the board. Where the controversy as to coverage relates to only a part or parts of the property involved, the duty of the board would require a determination disclosing the amount of loss and damage arising out of each portion to which there is a controversy so as to simplify the procedure incident to a judicial determination of the question of liability.

In some cases language may be found indicating that a denial of liability leaves no basis for an arbitration. Kelly v. L. & L. & G.

Ins. Co. 94 Minn. 141, 102 N. W. 380, 110 A. S. R. 351; Cash v. Concordia F. Ins. Co. 111 Minn. 162, 126 N. W. 524; Page v. Rollingstone Mut. F. F. Ins. Co. 166 Minn. 74, 207 N. W. 24; Anderson v. M. Burg & Sons, Inc. 170 Minn. 53, 212 N. W. 9. But these cases involve questions where the company waived the right to arbitrate and where there was no real controversy between the parties as to the amount of loss. In these cases the court was not considering the rights of the insured, and the conclusion reached was based upon the proposition that a denial of liability means there is no controversy as to the amount of loss. But that should not be a necessary consequence to such denial. Such a denial as here involved should not forbid a just determination of the amount of loss in the manner provided in the policy.

As indicated in the Abramowitz case, the statute is not now the same as it was when some of our earlier cases were decided. It is the law that the insured has a right to an appraisal to determine the amount of his loss and damage even though the insurer denies liability. Abramowitz v. Continental Ins. Co. 170 Minn. 215, 212 N. W. 449. Of course where the insurer admits the amount of loss and damage to be what the insured claims in his proof of loss or otherwise, there is no necessity for further procedure to establish such amount. In the instant case our attention has not been called to anything in the record where the defendant made any such concession. Plaintiff was entitled to the appraisal. The award stands and evidences the amount to be paid if defendant's liability on the contract is established.

10. We reach the conclusion that it was error not to permit defendant to litigate in the trial court the question of coverage for the purpose of having a judicial determination as to its liability on the policy; and as to this single question a new trial is granted.