## GLIDDEN COMPANY AND OTHERS v. RETAIL HARDWARE MUTUAL FIRE INSURANCE COMPANY OF MINNESOTA AND OTHERS.[1]

November 28, 1930.

Nos. 27,939, 27,940, 27,941.

*Nathan H. Chase* and *M. H. Boutelle,* for appellants.

*Kerr, Nelson, Burns & Mohan* and *Fryberger, Fulton & Boyle,* for The Glidden Company, Marshall Wells Company, Bank of Com-

[1] Reported in 233 N. W. 310.

merce & Savings, Inc. of Duluth, and Joseph Supornick, respondents.

DIBELL, J.

Action on an award or appraisal made pursuant to policies of fire insurance issued by the defendant insurance companies. A verdict for something over $77,000 was directed for the plaintiffs by the court. It was apportioned by the court's findings, $49,088.48 against the defendant Retail Hardware Mutual Fire Insurance Company of Minnesota; $19,250.32 against the defendant Minnesota Implement Mutual Fire Insurance Company of Minnesota; and $8,662.66 against the defendant Hardware Dealers Mutual Fire Insurance Company of Wisconsin. The defendants appeal and present for review the judgment in the latter amount, agreeing to abide the result as to the others.

The defendants claim that the compulsory appraisal provision of our standard policy, applicable in the event of the parties' disagreeing as to the amount of the loss, G. S. 1923 (1 Mason, 1927) § 3512, is violative of art. 1, §§ 4 and 7, of the state constitution, and of the fourteenth amendment.

It is conceded substantially that the recent case of Itasca Paper Co. v. Niagara F. Ins. Co. 175 Minn. 73, 220 N. W. 425, if applied controls. The defendants urge that certain late federal cases have changed the doctrine there approved. They ask a reconsideration of the questions involved with the purpose, if unsuccessful here, of having a review in the court of final authority. After a thorough reconsideration we follow the Itasca case. An extended further discussion is not necessary.

The business of fire insurance is affected with a public interest. N. W. Nat. L. Ins. Co. v. Riggs, 203 U. S. 243, 27 S. Ct. 126, 51 L. ed. 168, 7 Ann. Cas. 1104; German Alliance Ins. Co. v. Lewis, 233 U. S. 389, 34 S. Ct. 612, 58 L. ed. 1011, L. R. A. 1915C, 1189; National U. F. Ins. Co. v. Wanberg, 260 U. S. 71, 43 S. Ct. 32, 67 L. ed. 136; Abramowitz v. Continental Ins. Co. 170 Minn. 215, 212 N. W. 449; Itasca Paper Co. v. Niagara F. Ins. Co. 175 Minn. 73, 220 N. W. 425, and cases cited. Within reasonable limits the

state may regulate the insurance business and prescribe the conditions under which policies may be written and insurance business done. Its control must be reasonable.

In Hamilton v. Liverpool, L. & G. Ins. Co. 136 U. S. 242, 10 S. Ct. 945, 949, 34 L. ed. 419, which involved a Kentucky policy, the parties in their desire for arbitration stood in a position directly opposed to that of the parties here. The insurance company wanted arbitration. The insured refused to participate and brought an action on the policy. A verdict was directed for the insurance company. In directing the verdict the theory of the trial court was that the defendant insurance company had the right to an arbitration of the amount of the loss. The report states that "the court, after the case had been argued, instructed the jury that it appeared from the evidence that the defendant requested the plaintiff in writing to submit the amount of his loss or damage under the policy to competent and impartial persons, and the plaintiff refused so to do; and instructed the jury to return a verdict for the defendant, which was accordingly rendered." The plaintiff brought error, and the Supreme Court disposed of the question in this language [136 U. S. 254]:

"The conditions of the policy in suit clearly and unequivocally manifest the intention and agreement of the parties to the contract of insurance that any difference arising between them as to the amount of loss or damage of the property insured shall be submitted, at the request in writing of either party, to the appraisal of competent and impartial persons, to be chosen as therein provided, whose award shall be conclusive as to the amount of such loss or damage only, and shall not determine the question of the liability of the company;   *   *   *.   The appraisal, when requested in writing by either party, is distinctly made a condition precedent to the payment of any loss, and to the maintenance of any action.

"Such a stipulation, not ousting the jurisdiction of the courts, but leaving the general question of liability to be judicially determined, and simply providing a reasonable method of estimating and ascertaining the amount of the loss, is unquestionably valid, ac-

cording to the uniform current of authority in England and in this country."

This case seems sufficient authority. The defendants cite the following cases claiming that they change the rule: Terral v. Burke Construction Co. 257 U. S. 529, 42 S. Ct. 188, 66 L. ed. 352, 21 A. L. R. 186 (statute invalid providing for revocation of license of foreign corporation because while doing domestic business in state it resorted to federal court) ; Coppage v. Kansas, 236 U. S. 1, 35 S. Ct. 240, 59 L. ed. 441, L. R. A. 1915C, 960 (statute invalid making it a misdemeanor for employer to require employe to agree not to become or remain member of labor organization during his employment) ; Frost & Frost T. Co. v. Railroad Comm. 271 U. S. 583, 46 S. Ct. 605, 70 L. ed. 1101, 47 A. L. R. 457 (statute invalid requiring user of highway by private carrier for hire to assume burdens and duties of common carrier) ; Hanover F. Ins. Co. v. Carr, 272 U. S. 494, 47 S. Ct. 179, 71 L. ed. 372, 49 A. L. R. 713 (statute invalid requiring foreign corporation to submit to various conditions or waive constitutional rights—contract) ; Tyson & Brother v. Banton, 273 U. S. 418, 47 S. Ct. 426, 71 L. ed. 718, 58 A. L. R. 1236 (statute invalid regulating sale of theatre tickets). We find in none of them a suggestion that the rule of Hamilton v. Liverpool, L. & G. Ins. Co. 136 U. S. 242, 10 S. Ct. 945, 34 L. ed. 419, is not the correct one. In the Terral case, 257 U. S. 529, it is noted that the decisions are not all in harmony, and that that case necessarily overrules Doyle v. Continental Ins. Co. 94 U. S. 535, 24 L. ed. 148, and Security M. L. Ins. Co. v. Prewitt, 202 U. S. 246, 26 S. Ct. 619, 50 L. ed. 1013, 6 Ann. Cas. 317. But we see no substantial reason for holding that the basis of the rule of the Hamilton case is affected.

■ The claim is then made that the arbitration provision if compulsory ousts the jurisdiction of the court and therefore is invalid. This is not the view we take. Liability is not fixed by means of an appraisal. There is only a finding of the loss. See Abramowitz v. Continental Ins. Co. 170 Minn. 215, 212 N. W. 449, and cases cited. Liability is left for judicial determination. The right of

appraisal is as well for the insured as insurer, it does not determine liability but only the amount of the loss, and the statute is constitutional. An award may be so grossly excessive or inadequate as to be subject to vacation as for fraud though there be no actual fraud, and it may be vacated for actual fraud, for in either of such cases there is a judicial determination of liability. Harrington v. Agricultural Ins. Co. 179 Minn. 510, 229 N. W. 792.

We quote again from Hamilton v. Liverpool, L. & G. Ins. Co. 136 U. S. 242, 255, 10 S. Ct. 945, 949, 34 L. ed. 419, referring to a provision for arbitration:

"Such a stipulation, not ousting the jurisdiction of the courts, but leaving the general question of liability to be judicially determined, and simply providing a reasonable method of estimating and ascertaining the amount of the loss, is unquestionably valid, according to the uniform current of authority in England and in this country."

The whole law is tersely stated at sufficient length, with a citation of the controlling authorities, in Vance, Insurance (2 ed.) 764.

"It is well settled that a clause intended to refer to arbitration the whole question of the insurer's liability under the contract is void, as ousting the jurisdiction of the court. If the matter referred is merely the amount of that liability, the condition is perfectly valid and will be enforced."

And we note in Red Cross Line Co. v. Atlantic Fruit Co. 264 U. S. 109, 121, 44 S. Ct. 274, 276, 68 L. ed. 582, a reference to the validity of a general executory agreement for arbitration "where the agreement, leaving the general question of liability to judicial decision, confines the arbitration to determining the amount payable or to furnishing essential evidence of specific facts, and makes it a condition precedent to the cause of action."

And see Orient Ins. Co. v. Skellet Co. (C. C. A.) 28 F. (2d) 968; Continental Ins. Co. v. Titcomb (C. C. A.) 7 F. (2d) 833; Hamberg v. St. Paul F. & M. Ins. Co. 68 Minn. 335, 71 N. W. 388; Mosness v. German-Am. Ins. Co. 50 Minn. 341, 52 N. W. 932; Gasser v. Sun Fire Office, 42 Minn. 315, 44 N. W. 252; Williams v. Branning Mfg. Co. 154 N. C. 205, 70 S. E. 290, 47 L.R.A.(N.S.) 337.

■ We have referred often to the policy arbitration or appraisal as in the nature of a common law arbitration. It is so in contradistinction to our statutory arbitration. The companies claim that an agreement for a common law arbitration is revocable and therefore the policy provision is revocable, and they claim that by refusing to participate they revoked. This does not follow. It was never the intent of the statute that the arbitration was other than compulsory. If revocable there would be no actual or effective appraisal within the contemplation of the policy. It was the thought of the legislature that, dealing with business affected with a public interest, it would provide for the ascertainment of loss, not liability, by a so-called arbitration for which it prescribed and that the policy upon this point was not an executory agreement. It did not provide something that either party through whim or caprice might disregard. And what it made was a definite procedure binding upon both parties in ascertaining loss.

Judgment affirmed.

