## HARDWARE DEALERS MUTUAL FIRE INSURANCE CO. *v.* GLIDDEN CO. ET AL.

No. 4. Argued October 16, 1931.—Decided November 23, 1931.

*Mr. Mortimer H. Boutelle,* with whom *Mr. Nathan H. Chase* was on the brief, for appellant.

*Messrs. Homer C. Fulton* and *Eugene M. O'Neill,* with whom *Messrs. Arthur E. Nelson* and *Edward L. Boyle* were on the brief, for appellees.

MR. JUSTICE STONE delivered the opinion of the Court.

This case is here on appeal, § 237a of the Judicial Code, from a judgment of the Supreme Court of Minnesota, upholding the constitutionality of the arbitration provisions of the standard fire insurance policy prescribed by Minnesota statutes. 181 Minn. 518; 233 N. W. 310.

Appellant, a Wisconsin corporation licensed to carry on the business of writing fire insurance in Minnesota, issued, within the state, its policy insuring appellees' assignor against loss, by fire, of personal property located there. The policy was in standard form, the use of which is enjoined by statutes of Minnesota on all fire insurance companies licensed to do business in the state. Mason's Minn. Stat. 1927, §§ 3314, 3366, 3512, 3515, 3711. Failure to comply with the command of the statute is ground for revocation of the license to do business, § 3550, and wilful violation of it by any company or agent is made a criminal offense, punishable by fine or imprisonment. §§ 3515, 9923.

A fire loss having occurred, the insured appointed an arbitrator and demanded of appellant that the amount be determined by arbitration as provided by the policy.[1]

---

[1] Mason's Minn. Stat. 1927, § 3512. ". . . In case of loss, except in case of total loss on buildings, under this policy and a failure of the parties to agree as to the amount of the loss, it is mutually agreed that the amount of such loss shall, as above provided, be

The appellant having refused to participate in the arbitration, the insured, in accordance with the arbitration clause, procured the appointment of an umpire to act with the arbitrator designated by the insured. The arbitrator and umpire thus selected proceeded to determine the amount of the loss and made their award accordingly.

In the present suit, brought to recover the amount of the award, the appellant set up by way of defense, the single point relied on here, that so much of the statutes of Minnesota as requires the use by appellant of the arbitration provisions of the standard policy infringes the due process and equal protection clauses of the Fourteenth Amendment. In rejecting this contention and in sustaining a recovery of the amount of the award, the Supreme Court of Minnesota, consistently with its earlier decisions, ruled that the authority of the arbitrators did not extend to a determination of the liability under the policy, which

---

ascertained by two competent, disinterested and impartial appraisers who shall be residents of this state, the insured and this company each selecting one within fifteen days after a statement of such loss has been rendered to the company, as herein provided, and in case either party fail to select an appraiser within such time, the other appraiser and the umpire selected, as herein provided, may act as a board of appraisers, and whatever award they shall find shall be as binding as though the two appraisers had been chosen; and the two so chosen shall first select a competent, disinterested and impartial umpire; provided, that if after five days the two appraisers cannot agree on such an umpire, the presiding judge of the district court of the county wherein the loss occurs may appoint such an umpire upon application of either party in writing by giving five days' notice thereof in writing to the other party. Unless within fifteen days after a statement of such loss has been rendered to the company, either party, the assured or the company, shall have notified the other in writing that such party demands an appraisal, such right to an appraisal shall be waived; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of the loss; . . ."

was a judicial question, reserved to the courts, but that their decision as to the amount of the loss is conclusive upon the parties unless grossly excessive or inadequate, or procured by fraud. See *Glidden Co.* v. *Retail Hardware Mut. Fire Ins. Co.*, 181 Minn. 518, 521, 522; 233 N. W. 310; *Abramowitz* v. *Continental Ins. Co.*, 170 Minn. 215; 212 N. W. 449; *Harrington* v. *Agricultural Ins. Co.*, 179 Minn. 510; 229 N. W. 792.

This type of arbitration clause has long been commonly used in fire insurance policies, both in Minnesota and elsewhere, and, when voluntarily placed in the insurance contract, compliance with its provisions has been held to be a condition precedent to an action on the policy. *Gasser* v. *Sun Fire Office*, 42 Minn. 315; 44 N. W. 252; *Hamilton* v. *Liverpool, London & Globe Ins. Co.*, 136 U. S. 242; *Scott* v. *Avery*, 5 House of Lords 811, 854; see *Red Cross Line* v. *Atlantic Fruit Co.*, 264 U. S. 109, 121.

Appellees insist that the use of the clause here was voluntary, since the appellant was not compelled to write the policy, and that in any case appellant, by long acquiescence in the statute, is estopped to challenge, after the loss, the right of the insured to rely upon it. Without stopping to examine these contentions, we assume that appellant's freedom of contract was restricted by operation of the statute, and pass directly to the question decided by the state court, whether the Fourteenth Amendment precludes the exercise of such compulsion by the legislative power.

The right to make contracts embraced in the concept of liberty guaranteed by the Fourteenth Amendment is not unlimited. Liberty implies only freedom from arbitrary restraint, not immunity from reasonable regulations and prohibitions imposed in the interests of the community. *Chicago, Burlington & Quincy R. Co.* v. *McGuire*, 219 U. S. 549, 567. Hence, legislation otherwise within the scope of acknowledged state power, not unreasonably

or arbitrarily exercised, cannot be condemned because it curtails the power of the individual to contract. *McLean v. Arkansas*, 211 U. S. 539; *Schmidinger v. Chicago*, 226 U. S. 578; *German Alliance Insurance Co.* v. *Lewis*, 233 U. S. 389; *Erie R. Co.* v. *Williams*, 233 U. S. 685; *Keokee Cons. Coke Co.* v. *Taylor*, 234 U. S. 224.

The present statute substitutes a determination by arbitration for trial in court of the single issue of the amount of loss suffered under a fire insurance policy. As appellant's objection to it is directed specifically to the power of the state to substitute the one remedy for the other, rather than to the constitutionality of the particular procedure prescribed or followed before the arbitrators, it suffices to say that the procedure by which rights may be enforced and wrongs remedied is peculiarly a subject of state regulation and control. The Fourteenth Amendment neither implies that all trials must be by jury, nor guarantees any particular form or method of state procedure. See *Missouri ex rel. Hurwitz* v. *North*, 271 U. S. 40. In the exercise of that power and to satisfy a public need, a state may choose the remedy best adapted, in the legislative judgment, to protect the interests concerned, provided its choice is not unreasonable or arbitrary, and the procedure it adopts satisfies the constitutional requirements of reasonable notice and opportunity to be heard.

The record and briefs present no facts disclosing the reasons for the enactment of the present legislation or the effects of its operation, but as it deals with a subject within the scope of the legislative power, the presumption of constitutionality is to be indulged. *O'Gorman & Young, Inc.,* v. *Hartford Fire Ins. Co.,* 282 U. S. 251; see *Standard Oil Co.* v. *Marysville,* 279 U. S. 582, 584; *Ohio ex rel. Clarke* v. *Deckebach,* 274 U. S. 392, 397. We cannot assume that the Minnesota legislature did not have knowledge of conditions supporting its judgment that the legislation was in the public interest, and it is enough that,

when the statute is read in the light of circumstances generally known to attend the recovery of fire insurance losses, the possibility of a rational basis for the legislative judgment is not excluded.

Without the aid of the presumption, we know that the arbitration clause has long been voluntarily inserted by insurers in fire policies, and we share in the common knowledge that the amount of loss is a fruitful and often the only subject of controversy between insured and insurer; that speedy determination of the policy liability such as may be secured by arbitration of this issue is a matter of wide concern, see *Fidelity Mut. Life Assn.* v. *Mettler,* 185 U. S. 308; *Farmers' & Merchants' Ins. Co.* v. *Dobney,* 189 U. S. 301; that in the appraisal of the loss by arbitration, expert knowledge and prompt inspection of the damaged property may be availed of to an extent not ordinarily possible in the course of the more deliberate processes of a judicial proceeding. These considerations are sufficient to support the exercise of the legislative judgment in requiring a more summary method of determining the amount of the loss than that afforded by traditional forms. Hence the requirement that disputes of this type arising under this special class of insurance contracts be submitted to arbitrators, cannot be deemed to be a denial of either due process or equal protection of the laws.

Granted, as we now hold, that the state, in the present circumstances, has power to prescribe a summary method of ascertaining the amount of loss, the requirements of the Fourteenth Amendment, so far as now invoked, are satisfied if the substitute remedy is substantial and efficient. See *Crane* v. *Hahlo,* 258 U. S. 142, 147. We cannot say that the determination by arbitrators, chosen as provided by the present statute, of the single issue of the amount of loss under a fire insurance policy, reserving all other issues for trial in court, does not afford such a remedy, or

that in this respect it falls short of due process, more than the provisions of state workmen's compensation laws for establishing the amount of compensation by a commission, *New York Central R. Co.* v. *White*, 243 U. S. 188, 207–208; *Mountain Timber Co.* v. *Washington*, 243 U. S. 219, 235; or the appraisal by a commissioner of the value of property taken or destroyed by the public, made controlling by condemnation statutes, *Dohany* v. *Rogers*, 281 U. S. 362, 369; *Long Island Water Supply Co.* v. *Brooklyn*, 166 U. S. 685, 695; *Crane* v. *Hahlo, supra*, p. 147; or findings of fact by boards or commissions which, by various statutes, are made conclusive upon the courts if supported by evidence, *Tagg Bros. & Moorhead* v. *United States*, 280 U. S. 420; *Interstate Commerce Comm.* v. *Union Pacific R. Co.*, 222 U. S. 541; *Virginian Ry. Co.* v. *United States*, 272 U. S. 658, 663; *Silberschein* v. *United States*, 266 U. S. 221; *Ma-King Products Co.* v. *Blair*, 271 U. S. 479.

*Affirmed.*