No. 20,756.

ANDREW SEDLOCK, *Appellee,* v. THE CARR COAL MINING &
MANUFACTURING COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

MASTER AND SERVANT—*Injury to Servant—Out of and in the Course of
Employment—Workmen's Compensation Act.* A miner, at the end of
his day's work, changed his clothes, and still carrying a miner's lamp,
started towards the bottom of the shaft with the intention of ascend-
ing to the top of the mine. About two hundred feet from the room
where he had been at work and about one-half mile from the bottom
of the shaft, his face came in contact with a piece of slate which was
hanging from the roof of the mine and one of his eyes was destroyed.
*Held,* that the injury arose out of and in the course of his employ-
ment within the meaning of the workmen's compensation act and
that under its provisions he is entitled to compensation for the injury.

Appeal from Leavenworth district court; JAMES H. WEN-
DORFF, judge. Opinion filed July 8, 1916. Affirmed.

*A. E. Dempsey,* of Leavenworth, for the appellant.
*W. W. McCanles,* of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In an action in the district court Andrew
Sedlock recovered a judgment for $1456 against the Carr
Coal Mining & Manufacturing Company as compensation for
an injury sustained by him while employed in the defend-
ant's mine. There is no controversy between the parties as
to the employment, or the nature and extent of the injury
suffered, nor yet as to the amount of the compensation al-

lowed. The question which divides them is whether the accidental injury sustained by the plaintiff arose out of and in the course of his employment with the defendant within the meaning of the compensation act. It appears that plaintiff had been at work during the day in one of the rooms in the coal mine. About 4 o'clock he quit work, changed his mining clothes for street clothes in the room, then started to walk along the entry in the mine leading towards the shaft for the purpose of ascending to the top of the mine. He wore his miner's lamp, and it was necessary for him to do so in order to find his way to the bottom of the shaft. While he was walking along one of the straits of the mine leading to the shaft, and about 200 feet from his room and one-half mile from the bottom of the shaft, he struck his face against a piece of slate that was hanging from the roof of the mine, and the result was an injury, including the destruction of one of his eyes. At the time of the injury both parties were within the operation of the workmen's compensation law.

The defendant contends that the plaintiff was not entitled to compensation under the act. To recover it must appear that the plaintiff's injury arose out of and in the course of his employment. (Laws 1911, ch. 218, § 1.) In an amendment of section 9 of the act it is provided that "the words 'arising out of and in the course of employment' as used in this act, shall not be construed to include injuries to the employee occurring while he is on his way to assume the duties of his employment or after leaving such duties, the proximate cause of which injury is not the employer's negligence." (Laws 1913, ch. 216, § 4.) While the plaintiff had laid aside his pick and other tools, he was still in the mine and subject to the rules prescribed by the defendant when the accident occurred. The relationship of master and servant continued to exist while he was within the control and subject to the orders of the defendant. While the plaintiff was in the mine he was under obligation to observe the rules prescribed by the defendant, and it was incumbent on the defendant to provide him not only a safe place to work in the mine but also a safe passage way out of it as well as the means to carry him safely to the top of the mine. His duties to his employer had not ended until he left the mine, nor had the duties of the defendant to-

wards him ended until that time. It can not be said, therefore, that he was on his way to assume the duties of his employment or had left such duties at the time of his injury. The statutory definition of the words "arising out of and in the course of employment" is substantially the meaning applied to them by the courts which have had them under consideration.

In *Milwaukee v. Althoff*, 156 Wis. 68, 145 N. W. 238, L. R. A. 1916 A, 327, compensation was allowed to an employee who, after receiving instructions as to where he was to work during the day, proceeded along a street toward the place, and while on the way fell and injured his knee. It was contended that as he was not actually at work and had not in fact reached the place of work, the injury could not be said to have been received in the course of employment or to have arisen out of it. The decision was rested largely on the relationship that existed between the parties when the accident occurred, upon the theory that if the relationship of master and servant existed at the time of the injury he was entitled to the benefits of the act. It was held that if the servant was under the master's control and subject to his direction the accident is to be regarded as having arisen out of and in the course of the employment. Many American and English cases are cited to show that the relation may extend beyond the hours when the servant is carrying on his regular work and in some instances, where he goes to places other than the mine, factory or premises where the actual work was being done.

In *De Constantin v. Public Service Commission*, (W. Va. 1916) 83 S. E. 88, L. R. A. 1916 A, 329, a workman employed by a contractor to do work upon a railroad was killed about five minutes before the actual work was to begin and also before his arrival at the place where the work was to be done. The accident was supposed to have occurred while the workman was proceeding on a way chosen by himself, and when he stepped in front of one train to escape another. As he was not upon the premises of the employer nor upon a road or other way provided by the employer as the only means of access to the place where the work was to be done compensation was not recoverable. The court held that a recovery may be had

Sedlock v. Mining Co.

in some instances before the arrival at or retirement from the place of actual work.  It was said:

"A reasonable time after the termination of actual work is allowed. If a workman is injured on the premises of the employer and while leaving his place of actual work by the usual course of travel, the injury is deemed to have arisen out of the employment. *Kinney v. Baltimore & Ohio Emp. Rel. Ass'n*, 35 W. Va. 385, 14 S. E. 8, 15 L. R. A. 142.  Since injury after the termination of actual work, while on the premises of the employer and in pursuit of the usual way of leaving the same, is held to be within the course of employment and to have arisen out of the same, it seems clear that an injury to a workman while coming to his place of work on the premises of the employer and by the only way of access, or the one contemplated by the contract of employment, must also be regarded as having been incurred in the course of. employment and to have arisen out of the same.  If, in such a case, injury does not occur on the premises, but in close proximity to the place of work and on a road or other way intended and contemplated by the contract as being the exclusive means of access to the place of work, the same principle would apply and govern."  (p. 89.)

It was held in a Michigan case that the fact that a workman is upon the premises of his employer when the injury occurs is not a conclusive test that he is covered by the act, as he might be so far beyond the place of work at the time of the accident as to be beyond the control or direction of the employer and therefore outside of the protection of the act.  A section-hand, instead of eating his dinner with others of the crew near the place of work as was customary, concluded to go to his own home for dinner a considerable distance away.  While walking on a railroad track towards his home he was struck by a train and killed.  The court followed the rule that accidents which befall an employee while going to and from his work are not to be regarded as happening in the course of or arising out of his employment, and, held that as the workman had gone on a mis- sion of his own, not connected with the employer's business nor in accordance with the usage of the crew, but for his own purposes and pleasure, he was not entitled to compensation. In deciding the case the court remarked:

"In applying the general rule that the period of going to and returning from work is not covered by the act, it is held that the employment is not limited by the exact time when the workman reaches the scene of his labor and begins it, nor when he ceases, but includes a reasonable time, space, and opportunity before and after, while he is at or near his place of employment."  (*Hills v. Blair*, 182 Mich. 20, 27, 148 N. W. 243.)

In *Zabriskie v. Erie R. R. Co.*, 86 N. J. Law, 266, 92 Atl. 385, an employer failed to provide toilet facilities for employees in the building where they were at work and they were obliged to and did habitually resort for such facilities to another building of the employer which lay across a public street. One of them, while crossing the street to reach the toilet during working hours, was struck by a vehicle, and the court held that the action arose out of and in the course of employment.

*Sugar Co. v. Riley*, 50 Kan. 401, 31 Pac. 1090, 34 Am. St. Rep. 123, did not arise under the compensation act, but it is somewhat analogous. There an employee at work on the premises of the company asked and obtained permission to go into a certain part of the factory to warm himself, and while attempting to enter the place fell into an uncovered cistern and was scalded. It was contended that the employee was pursuing his own comfort and pleasure at the time and was not engaged in the business of his employer; but the court held that he was engaged in the line of his duty at the time of the injury.

In *Brick Co. v. Fisher*, 79 Kan. 576, 100 Pac. 507, four men were employed to work at a certain machine in a brick plant, and under their plan each one took a turn at resting while the others were at work. One of them, while resting, went into another department of the establishment near his own machine and was injured because of the failure of his employer to guard machinery near which he went. It was held that he was engaged in the performance of duty at the time and that a recovery might be had under the provisions of the factory act.

An elaborate annotation of the workmen's compensation act, covering every feature of it, may be found in L. R. A. 1916A, in which the American and English cases are cited, and most of those applicable to the point in contention here are set forth at pages 40, 232, 327 and 329. In the note, authorities are cited in support of the proposition that "the moment that the actual work stops can not be considered in every case as the time of the termination of the employment," and that a "recovery may be had for an accident occurring before the place of work has been reached, if, during the antecedent period within which it occurred, the servant was, as a matter of fact under the master's control." (p. 332.)

Here, as we have seen, the workman was in the mine, under the direction and entitled to the protection of the defendant at the time of the accident. Each owed duties to the other and the relation of master and servant still existed between them when the injury was sustained, although the workman was not actually using the pick and shovel at that time.

A motion to dismiss the case was filed but the merits of the controversy were fully presented by both parties when the motion was submitted and therefore final disposition of the case will be made at this time.

The judgment is affirmed.