21624. NATIONAL FIRE INSURANCE COMPANY *v.* SHUMAN.

BELL, J. 1. The provisions of the act of 1916 (Ga. L. 1916, p. 128) authorizing a court of record, under certain conditions, to appoint an umpire to act with appraisers to ascertain the loss or damage under an insurance policy, are applicable only when the appraisers, one selected by the company and the other selected by the insured, shall have failed or neglected, for a space of ten days after both have been chosen, to agree upon and select an umpire. The mere failure of the insurance company to select an appraiser does not warrant the appointment of an umpire to act solely with the appraiser appointed by the insured. It follows that, where the insurer has selected no appraiser and has not otherwise participated in or consented to an appraisement, a finding or report on the loss, made by an appraiser selected by the insured and an umpire appointed by the court, is not binding upon the insurer. A stipulation in the policy in the language of the act would not confer upon the court any greater authority as to the appointment of an umpire than the act itself would do.

2. Furthermore, an award by appraisers and an umpire, or any two of them, though properly made under a provision of an insurance policy which provides only for the ascertainment of the loss, is neither a

820

common-law nor a statutory award, but is a mere contractual method for ascertaining the loss, and such an award can not, merely upon its return and without any suit upon the policy, be made a judgment against the insurance company. *United States Fidelity & Guaranty Co. v. Corbett*, 35 *Ga. App.* 606 (4) (134 S. E. 336).

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 17, 1932.

*Jones, Jones, Johnston & Russell, Mallory C. Atkinson,* for plaintiff in error.