### 24077.   NATIONAL FIRE INSURANCE COMPANY v. SHUMAN.

STEPHENS, J.   1. Since, where a policy of fire insurance contains a provision that in the event of a disagreement as to the amount of loss sustained, the ascertainment of the loss shall be submitted to two appraisers, one of whom is to be selected by the insured and the other by the insurer, and the two appraisers thus chosen shall select an umpire, who, together with the appraisers, shall estimate the loss, and where the parties, pursuant to this provision of the contract, agree upon an appraisement as therein provided, the period of limitation provided for elsewhere in the policy, that no suit or action on the policy shall be sustainable in any court unless commenced within twelve months next after the fire, does not run during the pendency of the appraisement proceedings (*Atlas Insurance Co.* v. *Williams,* 158 *Ga.* 421, 123 S. E. 697; *Insurance Co.*

*of North America* v. *Folds*, 35 *Ga. App.* 720, 135 S. E. 107), it necessarily follows, upon an application of the same principle, that in the event of a disagreement between the parties as to the amount of loss, notwithstanding both parties may not have agreed to an appraisement as provided in the policy, but where the insured is induced by the insurer, by a suggestion through the insurer's authorized agent, to resort to an appraisement of the property, and the insured proceeds to obtain an ascertainment of the amount of the loss by appraisers and appoints an appraiser as provided in the policy, and so notifies the insurer, but where the insurer, before the insured has done this, notifies the insured that arbitration is not necessary, and fails to name an appraiser, and refuses to go on with the appraisement, and where the appraiser appointed by the insured, together with the umpire selected by the superior court at the instance of the insured, afterwards proceeds to hear evidence for the purpose of determining the amount of the loss, and they make an award finding the amount of the loss, and this award is void because, by a failure of the insurer to select an appraiser as provided in the policy there was no legal appraisement, and where the insurer, by bill of exceptions in the Court of Appeals, excepts to this judgment, there has been an attempt by the insured, at the instance of the insurer, to arbitrate the loss as provided under the provisions of the policy; and while the proceedings, although they are void, are pending and there has been no final adjudication in the Court of Appeals, the period of limitation provided for in the policy, that no suit or action on the policy shall be sustainable in any court unless commenced within twelve months next after the fire, does not run during the pendency of the appraisement proceedings and the pendency of the case in the Court of Appeals. Where a suit against the insurer to recover on the policy for the loss is afterwards brought by the insured within the period of limitation provided for by law, and also within twelve months next after the fire, considering the twelve-month period of limitation as having been suspended during the pendency of the proceedings for appraisement, including the pendency of the case on a bill of exceptions in the Court of Appeals, the court, under the above ruling, does not err in overruling the demurrer to the petition upon the ground that it appears from the allegations of the petition and the provisions of the policy attached that the suit was filed more than twelve months next after the fire. See *National Fire Insurance Co.* v. *Shuman*, 44 *Ga. App.* 819 (163 S. E. 306); *Lamb* v. *Howard*, 150 *Ga.* 12 (102 S. E. 436).

2. It appears conclusively and as a matter of law, from the undisputed evidence, that the plaintiff's suit was not barred under the twelve-months limitation for the bringing of a suit as provided in the policy; and the charge of the court stating the plaintiff's contentions in this respect, and submitting to the jury the issue as to whether the plaintiff's suit was so barred, was harmless to the defendant.

3. In a suit to recover upon a fire-insurance policy for damage to personal property, such as a piano, caused by fire, where the defendant denies liability under the policy, and where it appears from the evidence that after the damage to the property the plaintiff contended that, although the property was not totally destroyed, it was nevertheless a total loss,

and that the property could not be restored by being repaired, and where the defendant contended that the property was not a total loss, but could be repaired, and offered to repair the property in compliance with a provision of the policy that the defendant had an option to repair the property, the evidence is insufficient to authorize an inference that the defendant's refusal to pay the loss was in bad faith. Civil Code (1910), § 2549. The verdict, in so far as it finds damages and attorney's fees, is unauthorized.

4. The petition set out a cause of action, and the court did not err in overruling the demurrer. The evidence authorized the verdict for the plaintiff, and no error appears.

5. The judgment is affirmed on condition that the plaintiff, before the judgment of this court is made the judgment of the trial court, write off from the verdict the amounts found for damages and attorney's fees; otherwise the judgment is reversed.

*Judgment affirmed on condition. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 26, 1935. REHEARING DENIED MARCH 2, 1935.

*Jones, Johnston, Russell & Sparks,* for plaintiff in error.
*Leon S. Tomlinson, R. Lee Moore,* contra.