Hart, J.,
dissenting. I dissent because, in my opinion, the remedy afforded to the plaintiff by the Probate Court and now finally approved by the majority opinion in this court is not legally available to him.
“At common law the authority of an arbitrator is, in its nature, revocable, and the general rule is that a naked executory agreement, not under authority of *245 statute or rule of court, to submit to arbitration existing or prospective matters of difference is revocable by express act of either party or by implication of law at any time before the submission is consummated by a valid award.” (Italics supplied.) 3 American Jurisprudence, 891, Section 59; 29 American Jurisprudence, 926, Section 1240; 45 Corpus Juris Secundum, 1375, Section 1131; Lewis, Admr., v. Brotherhood Accident Co., 194 Mass., 1, 79 N. E., 802, 17 L. R. A. (N. S.), 714; State, Knaus, Pros., v. Jenkins, 40 N. J. Law, 288, 29 Am. Rep., 237; Williams v. Branning Mfg. Co., 153 N. C., 7, 68 S. E., 902, 31 L. R. A. (N. S.), 679, 138 Am. St. Rep., 637; annotations, 42 A. L. R., 732, and 69 A. L. R., 817.
Again, it is stated as follows in 29 American Jurisprudence, 926, Section 1240:
“In accordance with general principles applicable to all contracts, it is the rule that a provision in an insurance policy that all disputes arising under the policy shall be submitted to arbitrators, or a provision similar in substance and effect, is not binding.” (Italics supplied.) Lewis, Admr., v. Brotherhood Accident Co., supra; Niagara Fire Ins. Co. v. Bishop, 154 Ill., 9, 39 N. E., 1102, 45 Am. St. Rep., 105; annotation, 47 L. R. A. (N. S.), 354.
The position of the courts is that, although a contract to arbitrate is valid, it is not binding and irrevocable so long as it remains executory and has not been carried through to an award or decision. First Ecclesiastical Society v. Besse, 98 Conn., 616, 119 A., 903; Martin v. Vansant, 99 Wash., 106, 168 P., 990, Ann. Cas., 1918D, 1147.
The reason for this rule is that courts of law refuse to enforce any contract which tends to oust the jurisdiction of the court. “On the other hand, the view prevailing in nearly all jurisdictions is that a *246 stipulation not ousting the jurisdiction of the courts, hut leaving the general question of liability for a loss to be judicially determined, and simply providing a reasonable method of estimating and ascertaining the amount of the loss, is valid.” (Italics supplied.) 29 American Jurisprudence, 926, Section 1240; Royal Ins. Co. v. Ries, 80 Ohio St., 272, 283 to 289, 88 N. E., 638; Hamilton v. Liverpool, London & Globe Ins. Co., 136 U. S., 242, 34 L. Ed., 419, 10 S. Ct., 945; Norwich Union Fire Ins. Soc. v. Cohn, 68 F. (2d), 42, 94 A. L. R., 494, certiorari denied, 291 U. S., 665, 78 L. Ed., 1056, 54 S. Ct., 440; Niagara Fire Ins. Co. v. Bishop, supra; Second Society of Universalists v. Royal Ins. Co., 221 Mass., 518, 109 N. E., 384, Ann. Cas., 1917E, 491; Chapman v. Rochford Ins. Co., 89 Wis., 572, 62 N. W., 422, 28 L. R. A., 405.
In 45 Corpus Juris Secundum, 1352, Section 1110, it is likewise stated:
“Although a general arbitration clause requiring submission to arbitrators of the liability of the insurer is invalid, a clause requiring submission of disagreement as to amount of loss is valid, such clause being construed as requiring appraisal of the amount of loss, but not determination of other matters, as a condition precedent to recovery.”
The provisions in the policies in the instant case do not call for the determination of the liabilities of the parties to the contracts, but only for the determination of a single question of fact — the amount of the loss sustained. The provisions, therefore, are an appraisal clause and not an arbitration clause, and this difference is significant in the determination of the rights of the parties as to the remedy which they may pursue upon the breach of the agreement by any party to appraise the loss. 29 American Jurisprudence, 935, Section 1252. Where the amount of loss is involved, *247 an appraisal is involved. Second Society of Universalista v. Royal Ins. Co., supra; Omaha Water Co. v. City of Omaha, 162 F., 225; Sebree v. Board of Edn., 254 Ill., 438, 98 N. E., 931.
In 47 L. R. A. (N. S.), 382, the rule supported by many authorities is stated as follows:
“All agreements to submit to the judgment and decision of third persons, as prerequisites to litigations, questions that relate merely to prices, values, sums recoverable, amounts of losses or damages payable, quantities, or quality- — -all of which come under the category of auxiliary, collateral and incidental issues —are considered not to oust the courts of their jurisdiction, and when not waived or abrogated, are respected and enforced judicially as valid and effectual. ’ ’ See Royal Ins. Co. v. Ries, supra; Myers v. Jenkins, Admr., 63 Ohio St., 101 to 120, 57 N. E., 1089, 81 Am. St. Rep., 613.
The issue involved in this proceeding, as I see it, is mainly one of procedure. Assuming that the contracts to appoint appraisers to determine the amount of loss under the insurance contracts, as distinguished from a contract to arbitrate the controversy, are valid and binding, what are the remedies of the insured in case the insurers breach their contracts by refusing to appoint an appraiser? May the insured, in the absence of a controlling statute, have specific performance of the contracts? Does he have an action for damages for the breach, or does he have the remedy sought to be enforced in this action?
Clearly, a court will not compel specific performance of a contract to submit a matter to arbitration or to an appraisal. In the early case of Conner v. Drake, 1 Ohio St., 166, 168, wherein there was a failure of one of the parties to a contract for arbitration to appoint an arbitrator, this court held that “a court *248 of equity will not force the specific performance of an agreement to refer any matter in controversy between adverse parties to arbitrators. Nor will they compel arbitrators to make an award.”
On the other hand, damages for a breach of contract to appraise is an appropriate remedy. The capacity to breach a contract exists whenever the circumstances are such that courts will not decree specific performance, but the right to do so depends upon some justification recognized in the law. 12 American Jurisprudence, 961, Section 385.
At common law, the revocation of, or the failure or refusal to perform, a valid arbitration agreement by a party thereto ordinarily leaves the opposite party the sole remedy of an action for a breach of the agreement to arbitrate, wherein he may recover whatever actual loss he may prove, just as he could do for the breach of any other contract. Red Cross Line v. Atlantic Fruit Co., 264 U. S., 109, 68 L. Ed., 582, 44 S. Ct., 274; Hamilton v. Home Ins. Co., 137 U. S., 370, 34 L. Ed., 708, 11 S. Ct., 133; Atkieselskabet Korn-Og v. Rederiaktiebolaget Atlanten, 250 F., 935, Ann. Cas. 1918E, 491, affirmed, The Atlanten, 252 U. S., 313, 64 L. Ed., 586, 40 S. Ct., 332; Read v. State Ins. Co., 103 Iowa, 307, 72 N. W., 665, 64 Am. St. Rep., 180; Hartford Fire Ins. Co. v. Hon, 66 Neb., 555, 92 N. W., 746, 103 Am. St. Rep., 725, 60 L. R. A., 436; Goerke Kirch Co. v. Goerke Kirch Holding Co., 118 N. J. Eq., 1, 176 A., 902; Haggart v. Morgan, 5 N. Y., 422, 55 Am. Dec., 350; Grady v. Home Fire & Marine Ins. Co., 27 R. I., 435, 63 A., 173; Martin v. Vansant, supra; Kinney v. Balt. & Ohio Emp. Rel. Assn., 35 W. Va., 385, 14 S. E., 8, 15 L. R. A., 142; Kahn v. Traders Ins. Co., 4 Wyo., 419, 34 P., 1059, 62 Am. St. Rep., 47; Wynne v. Greenleaf-Johnson Lumber Co., 179 N. C., 320, 102 S. E., 403, 8 A. L. R., 1081, annotations, 15 *249 L. R. A., 142; 47 L. R. A. (N. S.), 408, 409, 447. Damages may be recovered for such breach. See Union Ins. Co. v. Central Trust Co., 157 N. Y., 633, 52 N. E., 671, 44 L. R. A., 227; annotation, 47 L. R. A. (N. S.), 409, 410.
A party wrongfully revoking an agreement for submission to an appraisal renders himself liable to the other party in an action for damages. Dolman v, Board of County Commrs., 116 Kan., 201, 206, 226 P., 240; Goerke Kirch Co. v. Goerke Kirch Holding Co., supra. A party is entitled to such damages as he may directly and proximately suffer as a consequence of such a breach. Bullock v. Mason, 194 Ala., 663, 69 So., 882. He is entitled at least to nominal damages. Atkieselskabet Korn-Og v. Rederiaktiebolaget Atlanten, supra; Electrical Research Products, Inc., v. Vitaphone Corp., 20 Del. Ch., 417, 171 A., 738. Doubtless, such damages for breach of contract to appraise, aside from the right to sue on the policy, would be measured by the cost or additional expense, if any, incurred in establishing the issue of loss under the policy in an action at law (See Union Ins. Co. v. Central Trust Co., supra; annotation, 47 L. R. A. [N. S.], 409, 410) and any expense of appraisal, prior to revocation.
In the instant case, does the insured have any other remedy. In my opinion, there is no warrant for the procedure adopted in this case. A court, upon which a private contract bestows authority to appoint an appraiser or umpire for the parties in case of their inability to agree on some question of fact concerning their contractual relationship, acts purely as an agent of the parties. The person designated in the insurance contracts here involved to appoint an umpire might well have been a county officer, a banker, a lawyer, or any other private individual, who in such instance would have been clothed with exactly the same *250 power and authority as the court in the instant case. In the absence of statute, the court in the exercise of such function has no jurisdiction to perform any act other than that specifically authorized and set out in the contract. It can not render judgments or decrees affecting the rights of the parties. The utmost that the Probate Court could do in the instant case was to “select” an umpire under and in accordance with the terms of the contract, whereupon the authority of appointment ceased. Apparently, the Probate Court in the instant case, appreciating that its contractual authority to represent the parties to the insurance policies in appointing an umpire had been curtailed and thwarted by the failure of the insurers to name an appraiser, conceived the idea that since it was a court it could judicially expand the scope of its authority to make the appointment. Otherwise, there was no occasion, as a substitute for its authority to “select” an umpire at “the request” of the parties, for the court to take judicial jurisdiction of a motion to appoint, issue summons on the motion directed to the parties defendant, hear the motion and make the appointment of the umpire by a court order duly journalized. There was no necessity, occasion or authority for the court to issue a summons upon the motion for such appointment and to undertake to exercise judicial jurisdiction in naming an umpire outside the terms of the contracts. The rights of the parties beyond the mere appointment of an umpire, when authorized, were wholly within the authority of a court of general jurisdiction.
Under the terms of the contracts there was no authority whatever for the appointment of an umpire until each party had appointed his or its appraiser. These two were first charged with the appointment of the umpire. Only after they had failed to make an *251 appointment did the designated agent have the power to do so. The failure of the insurers to appoint their appraiser resulted in the breach of the contracts, but the designated agent was without authority to appoint an umpire until such appraiser was first appointed. Where failure of appraisers appointed by the parties to agree is the occasion for the appointment of an umpire, the court or other party designated to appoint such umpire is not authorized to do so because of the insurer’s failure to appoint. In other words, the insurer’s failure to appoint an appraiser will not warrant a court in appointing an umpire to act solely with the appraiser appointed by the insured. (National Fire Ins. Co. v. Shuman, 44 Ga. App., 819, 163 S. E., 306, and 50 Ga. App., 846, 178 S. E., 758.) This situation or possibility was apparently overlooked in the preparation of the contracts but because of the omission the appraisal clause became ineffective and inoperative. Neither the insured nor the designated agent could rewrite the contracts.
In Ohio, as well as in many other states, there exists an arbitration act or arbitration code which gives some court of general jurisdiction authority to require compulsory performance of a pure arbitration agreement as distinguished from an appraisal. In this state, a written contract to arbitrate, with certain exceptions, may be enforced by compulsory orders of the Common Pleas Court having jurisdiction over a party failing to perform the agreement, and such court mag require him to appoint his appraiser in accordance with the procedure provided in the contract, if so provided, or otherwise if not so provided, and the court may then confirm, modify, or vacate the award of the arbitrators when made, and enter judgment thereon. See Sections 12148-1 to 12148-16, inclusive, General Code. Although there is a similar statute in at least one state relating to “appraisals” (see Glidden Co. v. Retail Hardware *252 Mut. Fire Ins. Co., 181 Minn., 518, 233 N. W., 310, 77 A. L. R., 616, affirmed, 284 U. S., 151, 76 L. Ed., 214, 52 S. Ct., 68), there is no such statute in Ohio, and in my opinion this arbitration act can have no application here. The writer of this dissent has made search of the authorities on this subject and is unable to find any case in which the procedure adopted in this case, namely, the appointment of an umpire before the two appraisers were appointed, has been attempted or remotely followed.
Even if the arbitration statute is invoked as to the basis for action, the court in this case failed to proceed in accordance therewith. Section 12148-4, General Code, provides that, if for any reason there is a lapse in the naming of an arbitrator or an umpire, or in filling a vacancy, then upon the application of either party to the controversy, the Court of Common Pleas of the county in which the arbitration is to be held shall, within 15 days after such application, appoint an arbitrator or umpire. Although I am of the opinion that this statute has no application to the instant case, nevertheless no attempt was made in appointing the umpire to proceed under it.
The judgment of the Court of Appeals should be reversed and the action dismissed.