**Margaret JOHNSON, Appellant,**

v.

**MUTUAL SERVICE CASUALTY INSURANCE COMPANY, Respondent.**

**No. A06–1478.**

Court of Appeals of Minnesota.

June 5, 2007.

---

Amanda M. Furth, Scott A. Teplinsky, Katz, Manka, Teplinsky, Due & Sobol, Minneapolis, MN, for appellant.

Paul C. Peterson, William L. Davidson, Matthew S. Frantzen, Lind, Jensen, Sullivan & Peterson, P.A., Minneapolis, MN, for respondent.

Considered and decided by STONEBURNER, Presiding Judge; DIETZEN, Judge; and WORKE, Judge.

## OPINION

STONEBURNER, Judge.

Appellant, an insured under a fire-insurance policy issued by respondent, challenges summary judgment dismissing her claim for fire-loss damages. Appellant acknowledges that her claim for damages is barred by the two-year limitation contained in the policy, but she argues that (1) she sufficiently pleaded a claim to enforce the appraisal clause in the policy and that (2) the district court erred by dismissing her motion to compel enforcement of the appraisal clause in the policy because appraisal is a non-judicial proceeding not barred by the limitation on suits or actions. We affirm.

## FACTS

Appellant Margaret Johnson insured real and personal property against fire loss under a policy issued by respondent Mutual Service Casualty Insurance Company (MSI). The property was damaged by fire, and a dispute developed between Johnson and MSI over the amount of the loss.[1]

■ The policy contained an appraisal clause, mandated by Minn.Stat. § 65A.01, subd. 3 (2006).[2] Appraisal is a non-judicial method to resolve disputes over the amount of a loss. The policy also contained a statutorily mandated two-year limitation, which began to run from the date of the loss, barring any "action" for recovery under the policy. Three months after the limitation period expired, Johnson first demanded appraisal. MSI declined to participate in appraisal and continued to deny Johnson's claim for additional damages.

Subsequently, Johnson sued MSI for damages and "[f]or such other and further [relief] as the court deems just and equitable." In its answer, MSI asserted, among other affirmative defenses, that Johnson's lawsuit was barred by the two-year limitation in the policy mandated by Minn.Stat. § 65A.01, subd. 3.

MSI moved for summary judgment. One day later, Johnson again demanded that MSI choose an appraiser. MSI again refused to participate in appraisal, claiming that Johnson's first demand for appraisal was made after the limitation period expired and that Johnson had not complied with the policy provisions regarding inspections. MSI "provisionally" appointed an appraiser in case the district court denied its summary-judgment motion. Johnson then moved the district court to stay legal proceedings and compel appraisal. She asserted that although the two-year limitation barred her action

---

1. MSI paid Johnson $79,930.02 for the loss, but Johnson demanded the policy limits of $131,000.

2. Because relevant portions of the statute remain unchanged, we cite the current version of the statute throughout this opinion.

for damages, it did not apply to a demand for appraisal, which is not an "action."

The district court granted MSI's motion for summary judgment and denied Johnson's motion to compel appraisal, concluding that Johnson's action was solely for damages and therefore barred by the statutorily mandated limitation on suits or actions on the policy. The district court did not address Johnson's argument that appraisal is not governed by the two-year limitation. This appeal followed.

## ISSUES

I. Did Johnson's pleadings assert a claim for appraisal?

II. Is the statutorily mandated appraisal provision in MSI's fire insurance policy subject to the two-year limitation on "any action" for recovery under the policy?

## ANALYSIS

■ On appeal from summary judgment, we ask: (1) whether there are any genuine issues of material fact and (2) whether the district court erred in its application of law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). We view the evidence in the light most favorable to the party against whom judgment was granted. *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993).

### I.

■ We first address whether Johnson's failure to explicitly assert a claim for appraisal in the complaint or to move to amend the complaint to assert such a claim precludes our consideration of her claim for appraisal. "A pleading which sets forth a claim for relief ... shall contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for judgment for the relief sought." Minn. R. Civ. P. 8.01. A specific legal theory does not need to be stated if the pleadings contain factual notice of the claim and a request for relief. *Padco, Inc. v. Kinney & Lange,* 444 N.W.2d 889, 891 (Minn.App.1989), *review denied* (Minn. Nov. 15, 1989).

■ Johnson acknowledges that the complaint is for damages, but she asserts that although her complaint does not mention appraisal or refer to the appraisal provision in the policy, the prayer "for such other and further [relief] as the court deems just and equitable" was sufficient to put MSI on notice of a demand for appraisal. We disagree and conclude that the district court did not err in holding that the complaint asserted only a claim for damages and did not give MSI notice of Johnson's intent to assert a demand for appraisal. But we further conclude that Johnson's motion for an order to stay the court proceedings and to compel appraisal was sufficient notice to MSI to permit the issue to be addressed on the merits on appeal. Although generally we will not consider issues that were not decided by the district court,[3] Johnson's argument that her demand for appraisal was not barred by the two-year limitation on suits or actions was fully briefed and argued to the district court and involves only questions of law. Therefore, in the interest of justice and judicial economy, we elect to address the claim. *See* Minn. R. Civ.App. P. 103.04 (providing that this court has discretion to address any issue as justice requires).

### II.

■ Next, we address whether Johnson's demand for appraisal was barred by the two-year limitation in the policy. In-

---

3. *Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn. 1988).

terpretation of an insurance policy and statutory language are questions of law which we review de novo. *Nathe Bros., Inc. v. Am. Nat. Fire Ins. Co.,* 615 N.W.2d 341, 344 (Minn.2000). When the language in an insurance policy is clear and unambiguous, it must be given its usual and accepted meaning. *Wanzek Constr. Inc., v. Employers Ins. of Wausau,* 679 N.W.2d 322, 324 (Minn.2004). "[W]hen interpreting an insurance policy, we will avoid an interpretation that will forfeit the rights of the insured under the policy, unless such an intent is manifest in clear and unambiguous language." *Nathe,* 615 N.W.2d at 344 (quotation omitted).

The Minnesota Standard Fire Insurance Policy sets out a number of provisions that must be included in all fire-insurance policies issued for Minnesota property, including the provision that "[n]o suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy have been complied with, and unless commenced within two years after inception of the loss." Minn.Stat. § 65A.01, subd. 3 (2006). As mandated, the MSI policy provides, in relevant part:

No one may bring a legal action against [MSI] under this Coverage Part unless:

1. There has been full compliance with all of the terms of this Coverage Part; and

2. The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

The Minnesota Standard Fire Insurance Policy also mandates appraisal to resolve disputes over the amount of loss. Minn. Stat. § 65A.01, subd. 3. The MSI policy therefore provides:

If we and you disagree on the value of the property or the amount of loss, ei-

ther may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.

. . . .

If there is an appraisal, we will still retain our right to deny the claim.

Johnson argues that the two-year limitation in the MSI policy does not apply to her demand for appraisal, because appraisal, like arbitration, is not a "legal action" for recovery under the policy. Johnson asserts that her demand for appraisal is similar to an agreement to arbitrate that is governed by the six-year statute of limitations in Minn.Stat. § 541.05, subd. 1(1) (2006), which governs actions on a contract where "no other limitation is expressly prescribed."

We previously considered the application of a two-year limitation to a provision for appraisal in a policy insuring against wind damage. *Vaubel Farms, Inc. v. Shelby Farmers Mut.,* 679 N.W.2d 407, 411–12 (Minn.App.2004). The policy covering Vaubel Farms contained a two-year-from-the-date-of-loss limitation on any "suit" under the policy. *Id.* at 409–10. The policy also contained a clause that described an appraisal process nearly identical to the appraisal process in Minn.Stat. § 65A.01, subd. 3, and MSI's policy, except that the clause in the policy covering Vaubel Farms was titled "Arbitration." *Id.* at 409. Vaubel Farms moved the district court to compel arbitration nearly three years after the

date of the loss. *Id.* at 410. The insurer moved for summary judgment, claiming the "suit" was barred by the two-year limitation. *Id.* The insurer argued that the policy did not provide for arbitration, notwithstanding the use of that term in the policy, but only for appraisal, which could not be pursued after the two-year limitation period had expired. *Id.*

The district court held that the policy was ambiguous, and the ambiguity should be construed against the insurer. *Id.* The district court appointed an appraiser/arbitrator. *Id.* The parties proceeded to arbitration, and Vaubel Farms received an award that was confirmed by the district court. *Id.* The insurer appealed, arguing that the district court erred in determining that the policy provided for arbitration and that Vaubel Farms's motion to compel appraisal was not barred by the two-year limitation. *Id.* at 410–11.

We affirmed, concurring with the district court that the policy language created an ambiguity and "should be construed according to what a reasonable person in the position of the insured would have understood the words to mean rather than what the insurer intended the language to mean." *Id.* at 411. Specifically, we held that use of the terms "arbitration" and "award" in the provision describing appraisal created ambiguity and a reasonable expectation on the part of an insured that the provision was an arbitration agreement governed by the Uniform Arbitration Act, Minn.Stat. §§ 572.08–572.30 (2002). *Id.*

We adopted a definition of "suit" as "any proceeding by a party or parties against another *in a court of law*" and noted that an "action" is "confined to judicial proceedings." *Id.* at 411–12 (quotations omitted). We stated that "[a]rbitration . . . is an adjudicative process carried out *outside* the established tribunals of justice." *Id.* at 412. And we concluded that "[b]ecause

'suit' does not include 'arbitration,' " the insurer could not invoke the two-year limit on suits against Vaubel Farms's claim for arbitration. *Id.*

Although *Vaubel Farms* is similar to the case before us, it is distinguishable and does not compel the conclusion that the statutorily mandated appraisal language in MSI's policy could be reasonably interpreted to provide for arbitration that could be demanded outside of the two-year limitation on actions for recovery under the policy. Unlike the policy in *Vaubel Farms*, MSI's appraisal provision is not titled "arbitration" and does not include the term "award." Additionally, MSI's policy specifically provides that even if there is a determination of the amount of the loss through appraisal, MSI retains the right to deny a claim. The MSI policy therefore does not contain ambiguous language that would lead a reasonable insured to conclude that the policy contains an agreement to arbitrate MSI's liability under the policy.

Johnson acknowledges the distinctions between the policy involved in *Vaubel Farms* and MSI's policy and acknowledges that appraisal under MSI's policy does not determine MSI's liability under the policy. Nonetheless, she argues that because several cases have used the terms "arbitration" and "appraisal" interchangeably when discussing the appraisal provision mandated by Minn.Stat. § 65A.01, subd. 3, appraisal is the equivalent of arbitration and is governed by the Uniform Arbitration Act. We acknowledge that the terms have often been used interchangeably. *See, e.g., Boston Ins. Co. v. A.H. Jacobson Co.,* 226 Minn. 479, 481, 33 N.W.2d 602, 604 (1948) (stating that the "[f]ailure or inability of the parties to agree as to the amount of the loss conditions the right to an appraisement or arbitration"); *Kavli v. Eagle Star Ins. Co.,*

206 Minn. 360, 364–66, 288 N.W. 723, 725–27 (1939) (upholding district court's authority to appoint an umpire and, referring to the appraisal process, stating that "[t]he purpose of arbitration is to provide a plain, speedy, inexpensive, and just determination of the extent of the loss"); *Glidden Co. v. Retail Hardware Mut. Fire Ins. Co. of Minn.*, 181 Minn. 518, 523, 233 N.W. 310, 312 (1930) (stating, "[w]e have referred often to the policy arbitration or appraisal as in the nature of a common law arbitration"), *overruled on other grounds by Park Const. Co. v. Indep. Sch. Dist. No. 32*, 209 Minn. 182, 186–87, 296 N.W. 475, 478 (1941). Additionally, in a case involving a dispute over the amount of loss from storm damage under a commercial insurance policy, we stated that "the arbitration statute … governs the decision of the appraisers, and therefore, the appraisers had the authority to award prejudgment interest." *David A. Brooks Enters., Inc. v. First Sys. Agencies*, 370 N.W.2d 434, 435 (Minn.App.1985). But none of these cases involved the issue of whether appraisal is governed by the two-year limitation on actions for recovery under the policy.

 It is well settled that appraisal does not determine liability under a policy. Liability depends on a judicial determination. *Mork v. Eureka–Security Fire & Marine Ins. Co.*, 230 Minn. 382, 384, 42 N.W.2d 33, 35 (1950) (holding that appraisers' finding that loss was not covered under the policy was not within their province, was a decision on a question of law, and was not final); *Glidden*, 181 Minn. at 522, 233 N.W. at 312 (stating that appraisal "does not determine liability but only the amount of the loss"); *Itasca Paper Co. v. Niagara Fire Ins. Co.*, 175 Minn. 73, 79, 220 N.W. 425, 427 (1928) (stating that an appraisal award "does not preclude the insurer from subsequently having its liabil-

ity on the policy judicially determined"). Therefore, even if Johnson succeeded in determining the amount of the loss through appraisal, she would have to bring an action to determine MSI's liability, and she concedes such an action is barred by the limitation on actions contained in the policy.

 We hold that the statutorily required appraisal provision is not an agreement to arbitrate governed by the Uniform Arbitration Act, and the appraisal provision is governed by the two-year limitation on actions or suits to recover under the policy. The district court did not err in granting summary judgment to MSI. *See Myers Through Myers v. Price*, 463 N.W.2d 773, 775 (Minn.App.1990) (stating that this court will affirm summary judgment "if it can be sustained on any grounds"), *review denied* (Minn. Feb. 4, 1991).

## DECISION

Because the statutorily mandated appraisal clause in the MSI policy issued to Johnson is not an agreement to arbitrate MSI's liability under the policy and MSI's liability can only be determined by a court action, which is barred by the two-year limitation on suits or actions, the district court did not err in implicitly denying Johnson's motion to stay judicial proceedings and to compel appraisal and did not err in dismissing Johnson's actions for recovery under the policy.

**Affirmed.**