# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A23-0466

PSS Properties, LLC,
Appellant,

vs.

North Star Mutual Insurance Company,
Respondent.

**Filed December 18, 2023**
**Affirmed**
**Cochran, Judge**

Mower County District Court
File No. 50-CV-22-510

Adam C. Hagedorn, Livgard, Lloyd & Christel PLLP, Minneapolis, Minnesota (for appellant)

Louise A. Behrendt, Stacy A. Broman, Joel M. Muscoplat, Meagher + Geer, P.L.L.P., Minneapolis, Minnesota (for respondent)

Considered and decided by Cochran, Presiding Judge; Johnson, Judge; and Hooten, Judge.[*]

## SYLLABUS

1. For an insured to be entitled to interest under Minnesota Statutes section 60A.0811 (2022), the insured must obtain a favorable determination in a court action or an arbitration proceeding on a claim against its insurer based on the insurer's

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

breach or repudiation of, or failure to fulfill, a duty to provide services or make payments under an insurance policy.

2. An appraisal award is not sufficient to demonstrate that an insured prevailed in a claim against an insurer in a court action or arbitration proceeding for purposes of Minnesota Statutes section 60A.0811.

## OPINION

**COCHRAN**, Judge

In this insurance-coverage dispute, appellant-insured challenges the district court's determination that it is not entitled to recover interest from respondent-insurer under Minnesota Statutes section 60A.0811 (2022). Because appellant did not prevail in a claim against its insurer in a court action or arbitration proceeding, we conclude that the district court did not err by determining that appellant is not entitled to recover interest under section 60A.0811. We therefore affirm.

## FACTS

The following facts are undisputed. On April 7, 2019, part of a commercial building owned by appellant PSS Properties, LLC (PSS) collapsed. PSS opened a claim with its insurer, respondent North Star Mutual Insurance Company (North Star), under its commercial property insurance policy. North Star acknowledged receipt of PSS's insurance claim on April 8, 2019. In June 2019, North Star paid $97,285.31 to PSS for the actual cash value (ACV) of the property damage and lost rental income.

2

On April 2, 2021, PSS served North Star with a complaint alleging that North Star had breached the insurance contract by failing to fully compensate PSS for its losses. PSS did not raise any other claims in its complaint.

In July 2021, prior to filing the complaint, PSS demanded an appraisal under the insurance policy. The policy authorized either party to "make written demand for an appraisal" if the parties disagreed on "the value of the property or the amount of the loss." The relevant policy language did *not* condition the demand for an appraisal on the filing of a court action.[1] PSS then filed its complaint alleging breach of contract in district court on March 18, 2022.

The parties held the appraisal on July 19, 2022. The purpose of the appraisal was to determine the ACV of the loss that occurred as a result of the collapse of the building. The appraisal panel awarded PSS a total of $319,342.50 for the ACV of the damage to the building and for lost rental income. On July 27, North Star paid the difference between its original payment and the appraisal award ($222,057.19) to PSS.

---

[1] PSS's insurance policy provides, in relevant part:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.

PSS then demanded interest on the appraisal award. North Star paid PSS $29,670.30 in interest, calculated pursuant to Minnesota Statutes section 549.09 (2022). *See Poehler v. Cincinnati Ins. Co.*, 899 N.W.2d 135, 141 (Minn. 2017) (explaining that "[section] 549.09 provides for preaward interest on insurance appraisal awards"). PSS responded that it was entitled to additional interest in the amount of $43,654.26 (for a total of $73,324.56 in interest) pursuant to section 60A.0811, which governs recovery of interest by an insured who prevails on specified claims against an insurer in a court action or arbitration proceeding. Minn. Stat. § 60A.0811, subds. 2-3.

On September 20, 2022, PSS filed a motion for entry of judgment on the appraisal award in the amount of $222,057.19 (the difference between the amount North Star originally paid in 2019 and the 2022 appraisal award) and for interest under section 60A.0811. In a cover letter filed with the motion, PSS asked the district court to remove the case from its trial calendar. PSS explained that "the only issue remaining is a legal issue concerning calculation of prejudgment interest on the appraisal award." PSS did not seek a determination on its breach-of-contract claim from the district court.

The district court determined that PSS was not entitled to interest under section 60A.0811 and declined to enter judgment in favor of PSS.

PSS appeals.

**ISSUE**

Did the district court err by determining that PSS was not entitled to interest under Minnesota Statutes section 60A.0811?

4

**ANALYSIS**

PSS argues that the district court erred by denying its request for interest under Minnesota Statutes section 60A.0811 and declining to enter judgment in favor of PSS. North Star counters that the district court did not err because PSS is not entitled to interest under section 60A.0811, only under section 549.09.

It is well settled that an insured, such as PSS, who obtains an appraisal award pursuant to an insurance policy is entitled to preaward interest under section 549.09, even without a determination of breach of contract or actionable wrongdoing by the insurer. *Poehler*, 899 N.W.2d at 139, 141. North Star paid PSS interest calculated under section 549.09 when PSS demanded interest. The question before this court is whether the district court erred when it concluded that PSS is not entitled to additional interest from its insurer calculated under section 60A.0811.

Whether PSS is entitled to interest under section 60A.0811 is a question of statutory interpretation, which we decide de novo. *Else v. Auto Owners Ins. Co.*, 980 N.W.2d 319, 324 (Minn. 2022). When interpreting a statute, we "first determine whether the statute's language, on its face, is ambiguous." *Poehler*, 899 N.W.2d at 139 (quotation omitted). A statute is ambiguous if it "is subject to more than one reasonable interpretation." *Id.* (quotation omitted). If a statute is not subject to more than one reasonable interpretation, we enforce the plain meaning of the statute without "explor[ing] the spirit or purpose of the law." *Id.* at 139-40 (quotation omitted). When analyzing statutory language, we read and construe the statute as a whole "to give effect to all of its provisions" and "avoid

5

conflicting interpretations." *Am. Fam. Ins. Grp. v. Schroedl*, 616 N.W.2d 273, 277 (Minn. 2000).

PSS argues that it is entitled to interest under section 60A.0811 because it prevailed on its breach-of-contract claim against North Star by obtaining an appraisal award in an amount greater than North Star's original insurance payment. North Star asserts that PSS is not entitled to interest under section 60A.0811 because obtaining a favorable appraisal award is not prevailing in a breach-of-contract claim in a court action or arbitration proceeding. We agree with North Star.

We begin our analysis by considering the relevant language of section 60A.0811. Subdivision 2 of the statute provides:

> An insured who prevails in any claim against an insurer based on the insurer's breach or repudiation of, or failure to fulfill, a duty to provide services or make payments is entitled to recover ten percent per annum interest on monetary amounts due under the insurance policy, calculated from the date the request for payment of those benefits was made to the insurer.

Minn. Stat. § 60A.0811, subd. 2. And subdivision 3 specifies that "[t]his section applies to a court action or arbitration proceeding." *Id.*, subd. 3.

The parties' legal dispute turns on what it means to "prevail[] in any claim" in "a court action or arbitration proceeding" within the scope of section 60A.0811. We begin by examining the meaning of "prevail." This term is not defined by section 60A.0811 or by chapter 60A. *See* Minn. Stat. §§ 60A.02, .0811 (2022). "In the absence of statutory definitions, we give words and phrases their plain and ordinary meanings." *500, LLC v. City of Minneapolis*, 837 N.W.2d 287, 290-91 (Minn. 2013). To ascertain a

6

term's plain meaning, we may consider dictionary definitions as well as relevant caselaw. *See id.* (relying on caselaw and dictionary definitions to define "relating to" and "zoning"); *see also Lagasse v. Horton*, 982 N.W.2d 189, 198 (Minn. 2022) ("When a term is not defined by statute, we may use dictionary definitions."). "Prevail" is defined as "[t]o obtain the relief sought in an action" or "to win a lawsuit." *Black's Law Dictionary* 1438 (11th ed. 2019); *cf. Borchert v. Maloney*, 581 N.W.2d 838, 840 (Minn. 1998) (interpreting the phrase "prevailing party" as used in chapter 549 as "one in whose favor the decision or verdict is rendered and judgment entered").

We next consider the meaning of the phrase "in any claim" as used in the statute. Because "claim" is not defined by the statute, we likewise consider the dictionary definition of this term. *See Lagasse*, 982 N.W.2d at 198. "Claim" is defined as "[t]he assertion of an existing right" or "any right to payment or to an equitable remedy, even if contingent or provisional." *Black's Law Dictionary* 311 (11th ed. 2019). Considering the definitions of "prevail" and "claim" together, we conclude that the phrase to "prevail[] in any claim" as used in section 60A.0811 means that the insured must "win" or "receive a decision in their favor" in their assertion of an existing right or claim.

Finally, we consider the meaning of the phrase "a court action or arbitration proceeding" as used in section 60A.0811. The legislature has defined "action" as "any proceeding in any court of this state." Minn. Stat. § 645.45(2) (2022). Likewise, this court has explained that "an 'action' is confined to judicial proceedings." *Johnson v. Mut. Serv. Cas. Ins. Co.*, 732 N.W.2d 340, 345 (Minn. App. 2007), *rev. denied* (Minn. Aug. 21, 2007). The term "arbitration" generally means "[a] dispute-resolution process in which the

7

disputing parties choose one or more neutral third parties to make a final and binding decision resolving the dispute." *Black's Law Dictionary* 129 (11th ed. 2019). And the supreme court has explained that "[a]rbitration panels are the final judges of both law and fact." *Oliver v. State Farm Fire & Cas. Ins. Co.*, 939 N.W.2d 749, 752 (Minn. 2020) (quotation omitted). Importantly, caselaw establishes that an appraisal is not a "court action" within the meaning of section 60A.0811. *K & R Landholdings, LLC v. Auto-Owners Ins.*, 907 N.W.2d 658, 664 (Minn. App. 2018). An appraisal is "a non-judicial method to resolve disputes over the amount of a loss" that "does not determine liability under a policy" because liability requires a judicial determination. *Johnson*, 732 N.W.2d at 342, 346; *see also Black's Law Dictionary* 125 (11th ed. 2019) (defining "appraisal" as "[t]he determination of what constitutes a fair price for something"). Similarly, an appraisal is not the same as an "arbitration proceeding" because an arbitration proceeding results in a final judgment "of both law and fact," while an appraisal merely determines "the amount of loss"—not "whether the insurer should pay." *Oliver*, 939 N.W.2d at 752 (quotations omitted). Therefore, the phrase "court action or arbitration proceeding" as used in section 60A.0811 does not include an appraisal.

Reading the statutory language together, we hold that for an insured to "prevail[] in any claim" in "a court action or arbitration proceeding" under section 60A.0811, an insured must obtain a favorable determination in a court action or arbitration proceeding on a claim (or assertion of rights) "based on the insurer's breach or repudiation of, or failure to fulfill, a duty to provide services or make payments . . . due under the insurance policy." Minn. Stat. § 60A.0811, subds. 2-3. We further conclude that an insured who obtains an appraisal

award, without more, has not "prevail[ed]" on a claim against an insurer within the meaning of section 60A.0811 because an appraisal does not determine a claim in a court action or arbitration proceeding. *See K & R Landholdings*, 907 N.W.2d at 664; *Johnson*, 732 N.W.2d at 346; *Oliver*, 939 N.W.2d at 752.

Applying this interpretation of section 60A.0811 to the undisputed facts of this case, we conclude that PSS has not "prevail[ed] in any claim" against North Star in a court action or arbitration proceeding within the meaning of section 60A.0811. Here, only a court action is at issue, not an arbitration proceeding. And the only "claim" that PSS brought against North Star was a breach-of-contract claim. The record reflects that the district court did not decide this claim in favor of PSS. In fact, the district court made no legal determination on PSS's breach-of-contract claim because PSS opted *not* to pursue a judicial determination on the claim after North Star paid the appraisal award.[2] Furthermore, the appraisal award was not based on North Star's breach or repudiation of, or failure to fulfill, a duty to provide services or make payments to PSS. Rather, the appraisal award was the result of North Star's compliance with the appraisal provision in PSS's insurance policy, which provided that either party could demand an appraisal to resolve a disagreement over the amount of the loss. Because the district court did not render a decision in favor of PSS on the breach-of-contract claim, PSS did not prevail on that claim in its court action against North Star for purposes of section 60A.0811. PSS's

---

[2] PSS told the district court that "the only issue remaining is a legal issue concerning calculation of prejudgment interest."

9

appraisal award is not sufficient to support a determination that PSS prevailed on its breach-of-contract claim in its court action against North Star.

We are not persuaded otherwise by PSS's argument that the order of the events (obtaining the appraisal award *after* commencing the court action) determines whether an insured is entitled to interest under section 60A.0811. As PSS acknowledges, this court held in *K & R Landholdings* that an insured who obtained an appraisal award *before* commencing a court action against its insurer was not entitled to interest under section 60A.0811. *K & R Landholdings*, 907 N.W.2d at 660, 663-65. PSS attempts to distinguish this case from *K & R Landholdings* by arguing that interest is available under section 60A.0811 "when, like here, [the insured] commences a court action that is ultimately resolved by an appraisal." But it is immaterial that PSS, the insured, filed its breach-of-contract claim in district court before it sought and obtained an appraisal award. What is relevant for purposes of section 60A.0811 is whether PSS *prevailed* in its breach-of-contract claim in its lawsuit against North Star. And, as we explained above, an appraisal award is not a determination of a breach-of-contract claim in a court action. *Johnson*, 732 N.W.2d at 346. Consequently, PSS's interpretation of section 60A.0811 based on the timing of the appraisal award is unavailing.[3]

---

[3] PSS contends that our nonprecedential opinion in *Ridgewood Bay Resort, Inc. v. Auto-Owners Ins. Co.*, No. A21-1352, 2022 WL 2195871 (Minn. App. June 20, 2022), supports a contrary conclusion. In *Ridgewood Bay*, we concluded that the insured was entitled to interest under section 60A.0811, but *Ridgewood Bay* is factually distinguishable. 2022 WL 2195871, at *10-11. In *Ridgewood Bay*, the district court granted partial summary judgment in favor of the insured on an insurance-coverage issue and the parties thereafter stipulated to an appraisal, with court approval, to determine the amount of the loss. *Id.* at *2. Thus, unlike in this case, there was a judicial determination on a legal claim

10

Our conclusion that section 60A.0811 is limited to an insured who prevails in a court action or arbitration proceeding rather than an insured who prevails in an appraisal is reinforced by the availability of interest on appraisal awards under section 549.09, subdivision 1(a)-(b). As we have already noted, section 549.09 "provides for preaward interest on insurance appraisal awards regardless of the existence of wrongdoing." *Poehler*, 899 N.W.2d at 141. By contrast, section 60A.0811 allows an insured to recover interest only if the insured "prevails in any claim against an insurer based on the insurer's breach or repudiation of, or failure to fulfill, a duty" owed to the insured as determined in "a court action or arbitration proceeding." Minn. Stat. § 60A.0811, subds. 2-3. It is therefore appropriate for PSS to recover preaward interest under section 549.09, which does not require a determination that North Star breached its contract, and not section 60A.0811, which does require such a determination.

In sum, we hold that the plain language of section 60A.0811 unambiguously requires an insured to obtain a favorable determination in a court action or an arbitration proceeding on a claim based on an insurer's breach or repudiation of, or failure to fulfill, a duty to provide services or make payments under an insurance policy. We further hold that an insured has not prevailed on a claim in a court action or arbitration proceeding by obtaining an appraisal award. Because PSS did not prevail in its breach-of-contract claim against North Star in district court, the district court did not err by denying PSS's motion

---

in favor of the insured. *Id.* Consequently, *Ridgewood Bay* does not support PSS's argument. Moreover, our decision in *Ridgewood Bay* is nonbinding. *See* Minn. R. Civ. App. P. 136.01, subd. 1(c).

for interest under section 60A.0811 and declining to enter judgment entitling PSS to additional interest under this statute.

## DECISION

For an insured to be entitled to an award of interest under Minnesota Statutes section 60A.0811, the insured must obtain a favorable determination in a court action or an arbitration proceeding on a claim based on an insurer's breach or repudiation of, or failure to fulfill, a duty to provide services or make payments under an insurance policy. An appraisal award is not sufficient to demonstrate that an insured prevailed on a claim against an insurer in a court action or arbitration proceeding for purposes of section 60A.0811. Here, the insured obtained an appraisal award but did not obtain a determination from the district court on its breach-of-contract claim in the lawsuit that it brought against its insurer. Because the district court did not decide PSS's breach-of-contract claim, PSS cannot be said to have prevailed in its claim that North Star breached its insurance policy. PSS therefore is not entitled to interest under section 60A.0811 and the district court did not err by declining to enter judgment in favor of PSS. Accordingly, we affirm.

**Affirmed.**

12