*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A22-1545**

Cristina Berrier,
Respondent,

vs.

Minnesota State Patrol,
Appellant.

**Filed November 18, 2024**
**Affirmed and remanded**
**Segal, Chief Judge**

Steele County District Court
File No. 74-CV-19-2217

Jeremy R. Stevens, Grant M. Borgen, Matthew B. De Jong, Bird, Stevens & Borgen, P.C., Rochester, Minnesota (for respondent)

Keith Ellison, Attorney General, Michael Goodwin, Assistant Attorneys General, St. Paul, Minnesota (for appellant)

Matthew J. Barber, Schwebel, Goetz & Sieben, P.A., Minneapolis, Minnesota; and

Daniel J. Cragg, Eckland & Blando, LLP, Minneapolis, Minnesota (for amicus curiae Minnesota Association for Justice)

        Considered and decided by Larson, Presiding Judge; Segal, Chief Judge; and

Rodenberg, Judge.[*]

---

[*]  Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**SEGAL**, Chief Judge

On remand from the Minnesota Supreme Court, we address appellant's argument that respondent failed to adequately plead a claim for recovery under Minn. Stat. § 347.22 (2022), a statute relating to liability for injuries caused by a dog. Appellant argues that the claim was not adequately pleaded because the complaint failed to specifically reference the statute. We affirm and remand for further proceedings.

**FACTS**

This appeal was taken from a district court order that denied appellant Minnesota State Patrol's motion to dismiss respondent Christina Berrier's statutory claim for damages under Minn. Stat. § 347.22, arising out of injuries she sustained after being attacked by a dog owned by the State Patrol.[1] The State Patrol argues on appeal that (1) the district court erred by determining that the legislature waived sovereign immunity for claims under the dog-bite statute and (2) Berrier did not adequately plead a claim under the statute.

In our initial decision, we concluded that the district court erred in denying dismissal of the claim under the dog-bite statute because the dog-bite statute did not waive sovereign immunity. *Berrier I*, 992 N.W.2d at 428. We did not address Berrier's argument that the claim was not adequately pleaded.

---

[1] In addition to claiming liability under the dog-bite statute, Berrier asserts a claim for negligence against the State Patrol. As we noted in our earlier decision, the State Patrol confirmed at oral argument before this court "that its appeal was limited to the applicability of section 347.22 and not to Berrier's claim of ordinary negligence." *Berrier v. Minn. State Patrol*, 992 N.W.2d 421, 428 (Minn. App. 2023) (*Berrier I*), *rev'd*, 9 N.W.3d 368 (Minn. 2024) (*Berrier II*).

The supreme court granted review and reversed this court's decision. *Berrier II*, 9 N.W.3d at 379. The supreme court held that "[t]he language of Minnesota's dog-bite statute, Minnesota Statutes section 347.22 (2022), plainly, clearly, and unmistakably waives sovereign immunity for claims brought under the statute." *Id.* at 370 (syllabus by the court). The supreme court therefore "reverse[d] the decision of the court of appeals and remand[ed] for further proceedings consistent with this opinion." *Id.* at 379.

We reinstated the appeal and allowed the parties to file supplemental memoranda. In their respective supplemental memoranda, the State Patrol renewed its argument that Berrier did not adequately plead a claim under the dog-bite statute, and Berrier maintained that she sufficiently pleaded the claim.

**DECISION**

The only issue remaining for appellate consideration following the supreme court's remand is whether Berrier's complaint adequately pleaded a claim for relief under the dog-bite statute.[2] We review de novo the issue of whether a claim is adequately pleaded. *See Sterry v. Minn. Dep't of Corrs.*, 8 N.W.3d 224, 235 (Minn. 2024). As the supreme court has recently emphasized, Minnesota is a notice-pleading state with a "preference for non-

___

[2] We note that the scope of review in an immunity appeal is usually limited to the immunity issue and other issues that are inextricably intertwined with the immunity issue. *See Meier v. City of Columbia Heights*, 686 N.W.2d 858, 863 (Minn. App. 2004) (citing *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 50-51 (1995)), *rev. denied* (Minn. Dec. 14, 2004). Because the supreme court has remanded the matter to us, and in the interest of judicial economy, we address the pleading issue here. *See Johnson v. Mut. Serv. Cas. Ins. Co.*, 732 N.W.2d 340, 343 (Minn. App. 2007) (addressing a question of law that was fully briefed and argued to the district court in the interest of judicial economy), *rev. denied* (Minn. Aug. 21, 2007).

technical, broad-brush pleadings." *Demskie v. U.S. Bank Nat'l Ass'n*, 7 N.W.3d 382, 387 (Minn. 2024) (quoting *Walsh v. U.S. Bank Nat'l Ass'n*, 851 N.W.2d 598, 605 (Minn. 2014)). "A pleading is sufficiently detailed when it gives fair notice to the adverse party of the incident giving rise to the suit with sufficient clarity to disclose the pleader's theory upon which his claim for relief is based." *Halva v. Minn. State Colls. & Univs.*, 953 N.W.2d 496, 503 (Minn. 2021) (quotation omitted).

The dog-bite statute provides that, "[i]f a dog, without provocation, attacks or injures any person who is acting peaceably in any place where the person may lawfully be, the owner of the dog is liable in damages to the person so attacked or injured to the full amount of the injury sustained." Minn. Stat. § 347.22. Berrier's complaint is not lengthy; it pleads in seven short paragraphs that a State Patrol dog attacked her while visiting a car dealership where she worked in March 2019. Berrier's complaint expressly alleges that "[a]s a direct and proximate result of the negligence of the [State Patrol], [Berrier] sustained serious injuries." The complaint does not expressly reference the dog-bite statute or assert that the State Patrol is strictly liable for Berrier's injuries. But the complaint does plead that the "dog attacked [Berrier] without provocation," an allegation that is relevant to determining liability under the dog-bite statute. *See id.*

We conclude that, under Minnesota's liberal pleading standard, Berrier adequately pleaded a claim under the dog-bite statute. Though Berrier's complaint does not specifically reference the dog-bite statute, it was sufficiently detailed to give the State Patrol fair notice that Berrier was asserting such a claim.

Moreover, it appears that the State Patrol interpreted Berrier's complaint as asserting a claim under the dog-bite statute. In its answer, the State Patrol alleged that Berrier's claims were barred "under the doctrine of provocation" and "because she was not acting peaceably and did not obtain lawful access to the location of the Minnesota State Patrol vehicle," which are both relevant to liability under the dog-bite statute. And in early settlement negotiations, the parties discussed the State Patrol's potential liability under the dog-bite statute.

The State Patrol nevertheless urges reversal, relying on the Minnesota Supreme Court's decisions in *Hansen v. Robert Half International, Inc.*, 813 N.W.2d 906 (Minn. 2012), and *Dean v. City of Winona*, 868 N.W.2d 1 (Minn. 2015). The State Patrol cites these cases for the proposition that a complaint must disclose the specific legal theories on which a plaintiff intends to proceed. We reject this argument because neither case announces such a requirement and because both cases are factually distinguishable.

In *Hansen*, the supreme court considered the district court's summary-judgment dismissal of a claim for retaliatory discharge because the claim had not been adequately pleaded. 813 N.W.2d at 917-18. The supreme court held that, although Hansen had pleaded a violation of Minnesota's parenting leave act based on her employer's failure to reinstate her following a leave, she had not pleaded retaliatory discharge in violation of the act. *Id.* at 918. In so holding, the supreme court examined the factual allegations of the complaint, reasoning that, "at most, [it] asserts that she was fired on a pretextual basis; it says nothing whatsoever about retaliation for requesting a leave and thus fails to put [the defendant] on notice of a retaliation claim." *Id.* Here, in contrast to *Hansen*, Berrier's

complaint specifically alleges that the State Patrol dog attacked her "without provocation." The phrase "without provocation" appears in the statute as a predicate to liability. Minn. Stat. § 347.22. Consequently, Berrier's complaint articulates the key elements of a claim under the dog-bite statute, and *Hansen* is inapposite.

In *Dean*, the supreme court declined to consider a theory of liability that was raised for the first time on appeal. 868 N.W.2d at 8. Although the supreme court addressed the standards for pleading such a claim, it first emphasized that "where a plaintiff litigates his case on one theory only, he is precluded from asserting new theories on appeal." *Id.* (quotation omitted). Here, in contrast to *Dean*, Berrier did not raise the dog-bite statute for the first time on appeal. Rather, she asserted her intent to pursue such a claim from early in the litigation, and the district court addressed the propriety of the claim in pretrial proceedings. Thus, *Dean* is also inapposite.

In sum, we conclude that Berrier adequately pleaded a claim under the dog-bite statute, and we therefore affirm the district court's decision denying dismissal of that claim and remand to the district court for further proceedings on that claim and Berrier's negligence claim.

**Affirmed and remanded.**